Peasely
v.
Buckminster.

JEDEDIAH PEASELY *against* WILLIAM BUCK-
MINSTER.

The extra expense in procuring witnesses and employing counsel, the time spent and money necessarily expended in defence of a suit, are not comprehended in the term " *intervening damages,*" inserted in the condition of the recognisance for a review.

ERROR. This writ was brought to reverse a judgment rendered by the County Court, *Caledonia* County, *June* term, 1801.

*Oyer* of the record craved, arid plea *in nullo est erratum.*

The history of the cause, and the error assigned, may be collected from the bill of exceptions spread on the record.

The bill states, that *Peasely*, on the 2d *December*, 1800, commenced an action of debt on recognisance against the defendant in error and one *Paul Spooner*, writ returnable to *Caledonia* County Court, *January* term, 1801, demanding 1,000 dollars, which they jointly and severally owed, &c. for that, on the 19th of *July*, 1797, *Buckminster* attached *Peasely* to answer in an action of trespass, and entered his writ *January* term, 1798; which action was continued from term to term until the *January* term, 1799; at which term *Buckminster* recovered judgment against *Peasely*, from which judgment *Peasely* appealed to the Supreme Court, 1799; at which term *Peasely* recovered judgment for his costs against *Buckminster*, and the latter reviewed the cause. " And on that occasion, as surety to the said *Jedediah* that the said *Buckminster* should prosecute his review to effect, and answer and pay all intervening damages and costs, in case judgment should be affirmed," *Buckminster* and *Spooner* entered into the recognisance. That at the *September*

term of the Supreme Court, 1800, *Buckminster* suffered a nonsuit, and thereby did not prosecute his review to effect, and the recognisance became forfeited, &c. *Non est* as to *Paul Spooner*. That *Peasely* entered his action upon the recognisance against *Buckminster*, who suffered a default to be heard in the assessment of damages. And now, at the County Court holden at *Danville*, within and for the County of *Caledonia*, *June* term, 1801, on motion of the plaintiff *Peasely*, a Jury was impanelled to assess the damages in said cause, and said *Buckminster* was permitted by the Court to be heard in assessment of damages ; and while the cause was on trial upon the assessment aforesaid, the said *Jedediah Peasely* offered to produce one *Abner Hunt* and one *Thomas Dow* to testify and prove, that after review in the original cause by the said *William Buckminster*, and before and at the next Court to which said cause was reviewed, and at which said *Buckminster* suffered a nonsuit, the said *Jedediah* was at *great expense in procuring witnesses and employing counsel, and was at great charge in time spent and money laid, necessarily laid out in preparing to defend in said cause, besides his fee-bill costs*, which the said *Jedediah* said were *intervening damages*, according to the statute in that case made and provided. To which it was objected, that the intervening damages to be inquired after were such only as were occasioned by said *Jedediah's* being delayed in recovering the sum for which he had recovered judgment against said *William Buckminster*, and not such extra costs and trouble as were not recognised in the fee-bill, and therefore that the evidence offered was not pertinent to the

34

CALEDONIA COUNTY,

Peasely
v.
Buckminster.

inquiry. Nevertheless the said *Jedediah* did insist, that such evidence ought to be received by said Court, and suffered to go to the Jury, which the Court here refused to permit or admit, and declared their opinion here, that the said matters here on the part of the said *Jedediah* produced, ought not to be given in evidence. Whereupon the Jury here find nominal damages only, to wit, the sum of five cents. Whereupon the counsel on the part of the said *Jede-diah*, because the matters aforesaid, offered by the said *Jedediah* to be given in evidence as aforesaid, do not appear by the verdict of the Jury aforesaid, the said *Jedediah* requests of the Justices aforesaid, of the Court aforesaid, according to the form of the statute in such case made and provided, this bill of exceptions, which contains the matters aforesaid by the said *Jedediah* ready to be given in evidence as aforesaid, and by the Court aforesaid rejected. To which bill of exceptions the Justices of the Court aforesaid, that is to say two of them, being a quorum of said Court, at the request of the said *Jedediah*, have in open Court, this sixth day of the term, annexed our official signatures and seals.

*William Chamberlain.*
*John W. Chandler.*

The question is, has error intervened from the exclusion of the testimony offered on the assessment of damages by the Jury in the County Court.

It is conceded, that *Peasely* had taken out his writ of execution upon the judgment for his costs on non-suit, which has been returned fully satisfied.

*Per Curiam.* The Court have so repeatedly given their opinion on this point, that they decline hearing argument, considering it as settled.

The condition of the recognisance, as prescribed by the statute is, " that the party shall prosecute the same to effect, and answer and pay all intervening damages, occasioned to the appellee or reviewee by his, her or their being delayed, with additional costs, in case the judgment be affirmed." The question too frequently made is, what are intervening damages? The statute replies, they are such as are occasioned to the appellee or reviewee by his, &c. *being delayed;* that is, such intervening damages, resulting from the delay, as are occasioned by a material alteration in the circumstances or situation of the party appealing or reviewing subsequent to the entering of the recognisance, such as the bankruptcy or removal of the party beyond process; in which cases, if damages are recovered in final judgment by the appellee or reviewee, the bail must make him good; if costs only, the recognisor must respond them.

In the present case, every security to the reviewee by the recognisance has been effected. The plaintiff in error has taken out his execution for costs, and it has been fully satisfied.

The expense of litigation, the fees of counsel, the waste of time, and other charges incurred in the defence of the original suit, aside of those provided for by the fee-bill, the party must sustain : he bears a misfortune common to every suitor; and surely there would be no propriety in this Court allowing a party in assessment of damages under a recognisance for an appeal or review *indirectly* to tax costs not pro-

Peasely
v.
Buckminster.

*Vermont* Stat.
vol. 1. p. 54.

Peasely
v.
Buckminster.

vided for by the fee-bill; much more virtually to avoid the fee-bill in those items of costs which are specially regulated by it.

This Court consider, that the County Court judged correctly, in excluding the evidence mentioned in the bill of exceptions.

And therefore let judgment be entered, that the Court having inspected the record, do find that there is no error in the records and proceedings of the County Court, and that the defendant in error have his costs.

*John Mattocks*, for plaintiff.
*Tyler*, for defendant.