STATE OF MAINE vs. NELSON W. BARTLETT.

Somerset.    Opinion February 27, 1909.

*Criminal Prosecution.    Who may Conduct Same.*

A defendant in a criminal case has no legal right to have the prosecution
conducted by the official prosecutor.  As to the defendant, the court may
recognize any unofficial member of the bar to conduct the prosecution and
a conviction in such case is not thereby rendered invalid.

On exceptions by defendant.    Overruled.

Search and seizure process originating in the Municipal Court of
Skowhegan, Somerset County.   On his arraignment the defendant
pleaded not guilty but on trial was found guilty and sentenced to
pay a fine of $100 and costs.   He then appealed to the Supreme
Judicial Court in said county.   In the appellate court, Amos K.
Butler, claiming to be Special Attorney for the State for said county,
moved to proceed to trial.   The defendant then filed a motion
"praying that he be not ordered to trial by the court, on the ground
that the said Amos K. Butler had no lawful right or authority to
prosecute said case, to which motion the Special Attorney for the
State filed an answer."    The presiding Justice overruled the motion.
The defendant then withdrew his plea of not guilty, pleaded guilty
and then filed a motion in arrest of judgment based on the same
ground as the former motion.   This motion was also overruled.

The defendant then excepted to each of the aforesaid rulings.

The case is stated in the opinion.

*Amos K. Butler*, Special Attorney, for the State.

*Forrest Goodwin*, for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, BIRD, JJ.

EMERY, C. J.   The respondent was convicted in the Skowhegan
Municipal Court of the offense of unlawfully keeping intoxicating

liquors, and appealed to the Supreme Judicial Court for Somerset County. In the appellate court, Amos K. Butler, not the county attorney but claiming to be Special Attorney for the State for Somerset County, undertook to appear and prosecute the case for the State. The respondent objected, but the court ruled that Mr. Butler might act as counsel for the State. Thereupon the respondent withdrew his plea of not guilty, pleaded guilty, and then filed a motion in arrest of judgment upon the same ground, viz, that Mr. Butler was allowed to prosecute for the State. This motion was also overruled. To each of the rulings the respondent excepted.

Passing the question whether after a general plea of guilty a respondent, without withdrawing his plea, can be heard to complain of errors preceding his plea, we consider the question whether the respondent was legally prejudiced by the case against him being conducted by Mr. Butler instead of by the regular county attorney. We think he was not. Who should conduct the case for the State was not a question between the State and the respondent, but solely a question between the State and Mr. Butler, or between the regular county attorney and Mr. Butler.

It does not appear that the county attorney undertook to, or claimed the right to, conduct this case for the State, but it does appear that the court recognized Mr. Butler as prosecuting attorney for this case, and no one but the respondent appears to have objected. It is difficult to see how the respondent was prejudiced, what difference it could make to him who acted as prosecuting attorney. He would have the same rights in the trial and after the trial, neither more nor less, whoever conducted the case on the other side. The only possible difference to him would be the difference in the efficiency and faithfulness of the prosecuting attorney, but of course no such difference can be assumed or allowed to be shown. If it be suggested that the regular county attorney might have granted a continuance or a nolle prosequi or a stay of sentence, the answer is that there is no such suggestion in the case. It does not appear that the county attorney undertook or desired to do either or in any way to interfere.

That the court has power to recognize unofficial attorneys of the

court to conduct a criminal case for the State is well established. *Com.* v. *Knapp*, 10 Pick. 477 ; *Com.* v. *Conn. River R. R. Co.*, 15 Gray, 447. If the official prosecutor does not object, the respondent has no legal ground for objection.

*Exceptions overruled.*