IN RE RICHARD T. ROBERTS.

Special Term at Rutland, November, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES and STURTEVANT, JJ., and CLEARY, SUPR. J.

Opinion filed January 2, 1940.

*Lindley S. Squires* for the relator.

*Philip M. M. Phelps,* attorney for Ellen M. Roberts, *contra.*

STURTEVANT, J. This is a petition for a writ of habeas corpus brought by the relator, Richard T. Roberts. The material allegations in the petition are as follows:

Ellen Roberts, wife of the relator, brought a petition to the Rutland County Court, praying that she be granted a divorce from bed and board from the relator and also praying that she be awarded temporary alimony.

A hearing upon the prayer for temporary alimony was had before a superior judge November 3, 1937. After due hearing Superior Judge Jeffords made an order directing that the relator pay to the petitioner, Ellen Roberts, ten dollars per week. On the 31st day of July, 1939, relator was adjudged in contempt of court because of his failure to comply with said order and was committed to the keeper of the Rutland county jail and was confined in said jail at the time of bringing his petition.

Relator contends that there is no provision in the statute which authorizes the granting of temporary alimony on a petition for divorce from bed and board, and that he could not lawfully be found guilty of contempt for violating an order which he contends was unlawful, and therefore he is unlawfully confined in the Rutland county jail.

P. L. sec. 3132 and P. L. sec. 3142 are as follows:

> "Sec. 3132. **Orders and decrees.** Pending proceedings for, at the time of and after a decree of divorce from bed and board, the court may make such orders and decrees in respect to the property of the parties and concerning the care, custody, maintenance and education of their minor children as it may make upon libels for a divorce from the bond of matrimony and in orders and decrees thereon and in cases where the parents of minor children are living separate."

"Sec. 3142. **Temporary alimony.** After a libel for divorce is filed, the court in which the cause is pending, or a superior judge, may, on application of either party, on such notice to the adverse party as the court or judge directs, make such order in regard to temporary alimony and funds to support the wife and minor children, and maintain the litigation during the pendency of the libel, as is just."

In deciding the question before us it is necessary to construe P. L. sec. 3132 above quoted and in doing this we should have in mind certain rules relating to statutory construction, namely:

■ A construction that leads to absurd consequences must always be avoided if possible.

■ A presumption obtains against a construction that would render a statute ineffective or inefficient, or which would cause grave public injury or even inconvenience.

■ And again every statute is understood to contain by implication, if it does not by its express terms, all such provisions as are necessary to effectuate its object and purpose and to make effective the rights, powers, privileges and jurisdiction that it grants; and what is implied in a statute is as much a part of it as what is expressed.

■ The intention of the Legislature constitutes the law. *State Highway Board* v. *Gates*, 110 Vt. 67, 72, 73, 1 Atl. 2d. 825, and cases there cited.

■ Applying these rules to P. L. 3132, we believe and hold that it was the legislative intent that the provision in this section to the effect that "the court may make such orders and decrees in respect to the property of the parties pending proceedings for a divorce from bed and board as it may make upon libels for a divorce" should and does include authority to make an order for temporary alimony in the same manner as such an order can be made after a libel for an absolute divorce has been filed. To hold otherwise would violate the rules of construction above quoted. There is no merit in relator's contention and therefore

*It is adjudged that the relator, Richard T. Roberts, is not illegally deprived of his liberty and he is remanded into the custody of the keeper of Rutland County jail whence he was taken and his petition is dismissed.*