RAY WOODS, an individual doing business as RAY WOODS AUTO CO., v. JAMES E. THOMPSON

29 So. (2nd) 446                                      January Term, 1947
March 11, 1947                                        Special Division B

*Carey & Harrison,* for appellant.
*James T. Smith,* for appellee.

PER CURIAM:

This cause is before us on motion to vacate supersedeas order or to modify the terms and provisions of the order entered in the court below.

The order in the court below fixing the terms and conditions of the supersedeas bond was as follows:

"ORDERED AND ADJUDGED that upon the filing by the above named Plaintiff herein of a Supersedeas bond in the sum of $2,000.00, with good and sufficient sureties to be approved by the Clerk of this Court, and conditioned that the plaintiff will make payment of all costs, damages and expenses, caused to or incurred by the defendant by reason of the appeal, including reasonable attorneys' fees, printing of briefs, travel expenses incurred by counsel in connection with oral argument of the appeal, interest at six (6%) per cent

from the date on the Supersedeas on the value of the automobile involved, which is hereby fixed by this Court at $1,646.80, being the same amount stated by the Plaintiff in the replevin action; and further conditioned upon the return of the automobile to the Defendant, plus any depreciation in the value of said automobile from the date of the Supersedeas, or in the alternative the cash value of the automobile, to wit; $1,646.80; in the event the Supreme Court of Florida shall affirm the order and judgment appealed from, then the said appeal of the said Plaintiff shall operate as a Supersedeas in this cause, and shall suspend and stay all further proceedings in this court under the verdict and judgment which have heretofore been entered herein, until the determination of said appeal by the Supreme Court of Florida."

On consideration of said motion, the said order is modified by striking out and eliminating the following:

"Including reasonable attorneys' fees, printing of briefs, travel expenses incurred by counsel in connection with oral argument of the appeal."

When so modified, the Order will stand affirmed.

THOMAS, C.J., TERRELL, BUFORD and ADAMS, JJ., concur.