HARDWICK TRUST COMPANY *v*. HOWARD M. DODGE ET ALS.

(84 A2d 583)

October Term, 1951.

Present: JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed November 6, 1951.

*Sumner E. Darling,* pro se.

*Oscar L. Shepard* and *Arthur L. Graves* for the plaintiff.

CLEARY, J.   This case involves the liability of defendant Darling on a bond filed by him with respect to an appeal from the sustaining of plaintiff's demurrer to defendant Darling's cross bill in a foreclosure case.   The bond in question was conditioned for the payment of "any damage that the Hardwick Trust Company suffer by reason of delay in terminating said foreclosure suit by reason of said Darling's appeal to the Supreme Court and otherwise abide by the court's decision as to such damages as the Hardwick Trust Company may suffer and sustain by reason of said appeal."   The decree appealed from was affirmed by this Court, 116 Vt 349.   After remand, the chancellor found Darling liable upon his bond for the services of plaintiff's counsel and for the expense and disbursements of its counsel and the printing of plaintiff's brief by reason of the appeal taken by Darling.   These were the only damages claimed by the plaintiff.   The case is now here on defendant Darling's exception, among others, to the final decree holding that Darling is liable on his bond.

The question of expense of litigation and fees of counsel was before this Court in *Peasely* v. *Buckminster,* 1 Tyler 264, where the Court in a Per Curiam opinion states they had so repeatedly

given their opinion on this point, that they declined hearing argument, considering it as settled. The opinion then says: "The expense of litigation, the fees of counsel, the waste of time, and other charges incurred in the defense of the original suit, aside of those provided for by the fee-bill, the party must sustain; he bears a misfortune common to every suitor."

The question was also raised in *Earl* v. *Tupper,* 45 Vt 275, where the court below charged the jury they were at liberty to compensate the plaintiff fully for his expense such as counsel fees etc. as exemplary damages. Holding the charge erroneous, this Court said at p. 287: "The great weight of authority seems to be opposed to the allowance of counsel fees, and other expenses of litigation, beyond taxable costs, as an element of damages, even in cases proper for exemplary damages. At least, there is so much authority that way, that this court is at liberty to disregard those the other way, if necessary, in order to follow the rule most in accordance with legal principles and sound reason. In this state, and in most, and, probably, all the others, the legislature has taken cognizance of the propriety and justice of allowing costs to some extent in favor of the winning against the losing party. In this state, provision is made for attorneys' fees, and there is no distinction in law here between attorneys and counsel; and, although the provision made is probably very small in comparison with the actual expense in most cases, it is as much as the lawmaking power has seen fit to make it, and courts and juries have no power to allow more, any more than they would have if it was large enough to cover all such actual expenses. The power over the subject rests entirely with the legislature, and that has not made any provision for allowing actual expenses as damages in any case."

Where an appeal bond has been furnished, as in the present case, the great weight of authority is that attorney's fees and expenses paid by an appellee in resisting an unsuccessful appeal are not recoverable as damages resulting from the appeal in the absence of an express provision to that effect in the bond. 3 Am Jur 778; 5 CJS 1617; 38 Am St Rep 717, note; *Williams* v. *Fidelity & Deposit Co.,* 42 Colo 118, 93 P 1119, 15 Ann Cas 722; *State* v. *Bloomfield Const. Co.,* 126 Conn 349, 11 A2d 382. The appeal bond before us contains no such express provision. It does not provide for the payment of attorney fees and expenses as damages

suffered by the plaintiff. To include them would establish a dangerous precedent, contrary to the long established rule that each litigant must pay his own litigation expense except such as allowed as taxable costs. Sound public policy constrains us to follow that rule. We hold that defendant Darling is not liable on his bond for the items claimed. Therefore, it is unnecessary to consider the defendant's other exceptions.

*Decree reversed so far as it relates to damages and cause remanded for a new decree in accordance with the views expressed in this opinion.*