ROBERTS, Justice.
The decree of the lower court having been appealed by the husband and affirmed, appellee’s attorney was allowed a fee for services rendered in this court in the *392 amount of $200. The appellant did not pay the fee, whereupon appellee sought to enforce such allowance by contempt proceedings against the appellant and the Surety of his supersedeas bond. In answer to a Rule Nisi issued here, the appellant, Robert S. Smith, sought to excuse his default on equitable grounds, setting forth his contribution of $300 per month to his ex-wife and four children, together with an accounting of his personal living expenses balanced against his net salary of $572.60 per month. Iiis sworn Answer stated that out of the balance of $272.60 per month left after the payment of his wife, he was required to pay his full living expenses and a regular payment of $10 per month to appellee’s attorneys to be applied against the total allowances for fees. The Surety admitted having in its possession a cash deposit of $1,000 obviously made as a security inducement to execute the bond, and which it sought to tender into the registry of this court.
We will deal first with the Answer of the Surety. The supersedeas bond was in statutory form and did not include a specific provision for the payment of attorneys’ fees. It does, however, contain a provision to pay “costs, interest if chargeable, and damages for delay”. Implicit in the controversy at this time is the question of whether or not the Surety, under the terms of its bond, can be held liable for the allowance of the fee. There are two definite lines of authority throughout the Nation on this subject. See Larson v. Higginbotham, Fla., 66 So.2d 40; Bernstein v. Bernstein, Fla., 43 So.2d 356, and Woods v. Thompson, 158 Fla. 622, 29 So.2d 446. See also older Florida cases, Kahn v. American Surety Company, 120 Fla. 50, 162 So. 335; Tonnelier v. Tonnelier, 133 Fla. 691, 182 So. 900; which appear to hold the contrary on the point, but all of which have been overruled by Larson v. Higginbotham. The majority view now holds that attorneys’ fees, paid by an appellee in resisting an unsuccessful appeal in a case such as this, are not recoverable as damages under an appeal bond. See Hardwick Trust Co. v. Dodge, 117 Vt. 73, 84 A.2d 583, 37 A.L.R.2d 523 and numerous annotations following.
We, therefore, hold that the Surety can not be held liable therefor under the general terms of the bond.
The Surety has in its possession $1,000 belonging to the appellant but held by the Surety as indemnity against loss under the supersedeas bond. This is a live asset of the appellant and available for payment of the fee here involved so long as such reduction in the deposit is not to the detriment of the Surety.
We next deal with the separate Answer of the appellant, Robert S. Smith. His sworn recital of his personal income and the distribution of it among his charges, including $10 per month for his ex-wife’s attorneys, has neither been traversed nor denied. Taking it therefore at face value, we hold that Robert S. Smith was not, at the time of the issuance of our Rule Nisi on October 22, 1957, in willfal contempt of this court.
It is therefore adjudged (1) that check in the amount of $1,025.15, transmitted to this court by the American Fire and Casualty company, be returned to such surety company; (2) that of and from such deposit the American Fire and Casualty Company pay to Sam Murrell the sum of $200 in accordance with the Order of this court made September 28, 1956; (3) that the said American Fire and Casualty Company shall have credit against its bond obligation for the sum of $200 hereinabove directed to be paid, thereby reducing its obligation under the supersedeas bond from $1,000 to $800; and (4) that upon the payment of said sum of $200 in the manner and form above directed, the Rule Nisi in Contempt shall stand discharged as to all parties.
TERRELL, C. J„ DREW and TITOR-NAL, JJ., and PARKS, Circuit Judge, concur.