### Eleanor M. Loeb v. William Loeb

[144 A2d 825]

May Term, 1958

Opinion Filed September 2, 1958

*Gannett & Oakes* and *Lawrence & O'Brien* for the plaintiffs.

*Fayette & Deschenes* for the defendant.

**Holden, J.** This appeal concerns an order for support of a minor child of the parties, visitation of the child, and a provision for counsel fees and expenses. The order that is brought to this Court for review resulted from a petition of the defendant William Loeb and the cross-petition of the plaintiff Eleanor M. Loeb to modify a prior order between the parties in *Loeb* v. *Loeb*, reported in 118 Vt 472, 114 A2d 518. The original cause and this proceeding to modify were instituted under the provisions of V. S. 47, §3253.

This section provides: "When parents of minor children are living separately, on the petition of either parent, the county court may make such decree concerning the care, custody, maintenance and education of the children as in cases where the court grants a divorce. Thereafter, on the petition of either of the parents, such court may annul, vary or modify such decrees."

Katherine Penelope Loeb is the child of the plaintiff and

the defendant by a marriage that has terminated by divorce. The judgment order that is here for review modifies "the Judgment Order of the Windham County Court dated March 20, 1954 as amended, and as further amended on remand from the Supreme Court and as now on file, * * * ." As to custody and visitation, it provided in paragraph one: "Petitioner Eleanor M. Loeb, be and hereby is awarded the care, custody and control of the minor child, Katherine Penelope Loeb, during the remainder of the minority of said child, the Libellee, however, to be permitted to see and visit said child at reasonable times and places in New York or any other state in which said child may be with Petitioner, while said child is in the presence of the Petitioner, Eleanor M. Loeb, or someone selected by Petitioner."

The defendant's first exception is directed to that provision of the order that restricts his right to visit his child to occasions when the child is in the presence of her mother or someone selected by her. The exception protests this restriction as unreasonable and an abuse of discretion, unsupported by the facts found by the trial court.

It appears from the findings that at the time of the order, Katherine Penelope was a child of nine,—shy and gifted. Her mental development had advanced beyond her actual age in years to that of a child nearly thirteen. She has a medical history of having been hypertonic. The defendant has visited the child twice since January 20, 1953 at the home of his mother at Oyster Bay, N. Y.

The defendant has remarried. The court found "there was no evidence but that the petitionee and his present wife maintain a cordial, hospitable household with adequate physical facilities, both in Reno, Nevada, and Prides Crossing, Massachusetts, attend church regularly, conduct themselves with decency and respectability, and are raising the children, Naxie, Petitionee's stepdaughter, and Elizabeth, his own daughter, properly and happily."

The court also determined "that it is for the best interest of Katherine Penelope that she not be deprived of paternal influence and association.—That in the light of the age of the child and the lapse of time since the last visit of the petitionee

(defendant) it is in the best interests of the child that the petitionee re-establish his acquaintanceship with the child carefully and in a familiar home environment.—That as matters now stand, the child is not prepared mentally and emotionally to spend nights away from home out of the company of her mother.—That the petitionee, when visiting Katherine Penelope at her home and in her home environment, should be able to visit with her in private unless she objects.—That it is for the best interest of Katherine Penelope that the visitation rights of the petitionee and custodial rights of the petitioner (plaintiff) be adjusted to her age and circumstances so as to give her all the paternal and maternal associations, love and affection, care and supervision possible and desirable in view of all the circumstances.—That it is for the best interests of Katherine Penelope that the visitations of the (defendant) petitionee be conducted with a view to re-establishing their acquaintance in a manner looking to the time when her age, maturity, physical and mental condition allow that ripened acquaintanceship to justify more lengthy visits with her father away from her own home environment."

■ The respective petitions of both parents have called upon the courts to solve a difficult and delicate human problem. Obviously, it is a problem which the child's mother and father are unwilling or unable to resolve. Thereupon, they have entrusted the solution to a sound judicial discretion. As in cases where the principal custody of a child is at stake, it is not our province to supplant or revise the discretionary decision of the trial court unless its discretion was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented. *McKinney* v. *Kelley*, 120 Vt 299, 141 A2d 660.

■ Visitation of the parent who does not have custody of the child directly concerns the issue of custody itself. Judicial authority in matters affecting custody has as its paramount objective the welfare of the child. *McKinney* v. *Kelley, supra; Raymond* v. *Raymond,* 120 Vt 87, 95, 132 A2d 427. *In re Cooke,* 114 Vt 177, 183, 41 A2d 177; *Deyette* v. *Deyette,* 92 Vt 305, 309, 104 A 232, 4 ALR 1115. The opposing desires of

hostile parents and the predisposed wishes of the child, if any, insofar as they are in conflict with the child's welfare, must yield. *Raymond* v. *Raymond, supra,* 120 Vt at 95, 132 A2d 427. See also, 27 CJS, Divorce, §309, a, pp. 1170-1172; 27 Am Jur, Infants, §108, p. 829.

The findings reflect a thoughtful consideration of the child's welfare. They express the conclusion that the child's well-being demands paternal association and supervision above that provided by the child's mother alone. It appears that the relationship now existing between the child and the defendant should be corrected to strengthen the association between the child and her father.

The need for this reunion has arisen in the first instance because the parents have become alienated, separated and then divorced. Their marital estrangement has deprived this child of a home shared by both parents. Without attempting to attribute fault to either parent, the findings report the need for restoring to the child paternal association and guidance. To accomplish this result, the court resorted to the only implement available, that of reasonable visitation at such place as the child may have her home with her mother. The provision, thus far, is entirely reasonable and consistent with the facts stated in the findings.

To these visits, other conditions are attached. The defendant's visitation is restricted to the presence of the plaintiff or a person of the plaintiff's selection. No reason appears from the court's findings to justify the additional restriction upon the defendant's access to his association with the child to occasions when the plaintiff is standing by. Nor is there reason shown why the visit should be made in the presence of some third person to be selected by the plaintiff. The findings express no concern that the defendant will not faithfully observe the spirit and letter of the visitation granted.

By the terms of the order, should the plaintiff elect to remove her presence from the visit, the accomplishment of the reunion between the child and her father is left to the plaintiff's right of selecting a delegate to stand watch in the plaintiff's place.

(5)  A provision recognizing the right of visitation between a child and one of the parents should not be conditioned upon the physical presence of the other parent who might be, and frequently is, hostile to the visit.  *Reed* v. *Hunze*, 233 Mo App 845, 109 SW2d 908.  See also *Willis* v. *Willis*, 99 NJ Ch 486, 118 A 333, 334.  Nor should the restoration of the needed relationship between the defendant and the child be left to the convenience and discretion of the plaintiff.  *Mc-Courtney* v. *McCourtney*, 205 Ark 111, 168 SW2d 200, 202; *Mc-Queary* v. *McQueary*, 181 Ky 667, 205 SW 768, 770; 2 Nelson, Divorce and Annulment, 2d Ed §15.26, pp. 208-209.  This is especially true in the instant case where the briefs of both parties, in effect, concede that strong feelings of ill will exist between the parties.

The facts determined by the trial court do not justify the drastic restraint imposed upon the visitation.  To the extent that the defendant's visits to Katherine Penelope are limited to the presence of the plaintiff or her delegate, the limits of the court's discretion have been exceeded.  The defendant's first exception to this part of the order is sustained.

Paragraph two of the judgment order provides for an increase in the monthly payments required of the defendant for the support of Katherine Penelope.  This provision increases the former order for the child's support from four hundred fifty to six hundred fifty dollars monthly commencing September 1, 1957.  The defendant excepts to this part of the order as an abuse of the court's discretion.  He contends the provision is unsupported by any credible evidence and is unjustified in law or fact.

The trial court found:  "10. That $200.00 per month in addition to the payment called for in the order presently outstanding is required to provide the additional support and maintenance required under the present circumstances of Katherine Penelope.  11. The petitionee's financial circumstances are such that he is well able to afford the increased payment."

(6)  The determination of a just and proper award for the support of the minor child of the parties invokes a sound judicial discretion.  *Loeb* v. *Loeb*, *supra*, 118 Vt 472, 492, 114

A2d 518; *Shaw* v. *Shaw*, 99 Vt 356, 359, 133 A 248. If discretion vested in the trial court is neither withheld nor abused, the order must stand. *Loeb* v. *Loeb*, *supra*; *Shaw* v. *Shaw*, *supra*; *Wacker* v. *Wacker*, 114 Vt 521, 49 A2d 119.

The evidence discloses adequate support for the findings made by the county court on this issue. The cost of maintaining and caring for the subject child has increased since the previous order. There is evidence that the cost of living generally has advanced over the same period, producing an increased financial burden upon the maintenance of a home for the child. The child's educational expenses have increased. The child's paternal grandmother has assisted the plaintiff in meeting these requirements. Testimony by the defendant reveals that his salary of $28,000 in 1955 increased to $50,000 in 1957. While the amount ordered for the support of the child is substantial, it is consistent with the findings and the evidence on this issue.

In support of this exception, the defendant attributes to the order an illegal and unjust benefit to the plaintiff, personally. He argues that by reason of the amount provided for the child's support, the plaintiff herself derives support and thus the holding in *Loeb* v. *Loeb*, 118 Vt 472 at 486, which denied the plaintiff separate maintenance, is circumvented.

The evidence that bears on the issue of support necessary for the child was directed to the cost of maintaining the household where the child makes her home with her mother. Evidence was given that the monthly expense of maintaining this home, provision for food and clothing for the child and use of an automobile substantially exceed the amount awarded. Quite clearly, it was impossible for the court to completely isolate the plaintiff from any benefit that might result from the provision made for the support of the child. An incidental benefit to the child's mother will not vitiate the order. That inevitably follows the provision made for the child's custody.

(7) Nothing appears from the record to indicate the court's discretion was exercised upon untenable reasons. The presumption is that the judicial discretion was exercised as the law required. *Belock* v. *State Mutual Fire Insurance Co.*, 106 Vt

435, 444, 175 A 19. The defendant's exception to the order for support is overruled.

The defendant's final exception is directed to the award of counsel fees and disbursements. The findings establish the reasonable amount of this expense incurred on the prior appeal of the first case, *Loeb* v. *Loeb, supra,* 118 Vt 472, 114 A2d 518. The court also found the amount of expense of counsel in the instant proceedings. These expenses are combined in paragraphs three and four of the present order and the defendant is directed to pay the total amount.

The court determined that the litigation expense in both instances was incurred in behalf and for the benefit of Katherine Penelope. No question is raised as to the reasonableness of the expense. It is the contention of the defendant that the award is without warrant in law.

■ In most proceedings, the burden of the general expense of the litigation is not recoverable as an element of damage. It is a burden which each litigant must bear unless he is relieved of the cost by statute or contract. *Hardwick Trust Co.* v. *Dodge,* 117 Vt 73, 74-75, 84 A2d 583, 37 ALR 2d 523; *Earl* v. *Tupper,* 45 Vt 275, 278; *Peasely* v. *Buckminister,* 1 Tyler 264, 267.

■ The provision for the payment of money, authorized in actions arising from domestic relations, are not provided as compensation for damages sustained by one party at the hands of the other. Such payments are predicated upon need and considerations of equity. V. S. 47, §§3251, 3253. See *Wacker* v. *Wacker, supra,* 114 Vt 521, 49 A2d 119; *Shaw* v. *Shaw, supra,* 99 Vt 356, 133 A 248. The same considerations apply to V. S. 47, §3253 upon which this action is laid. In its application to minor children, the statutory purpose is to furnish a remedy, outside a proceeding for divorce, to safeguard the welfare of children who are the victims of their parents' separation.

The statute fails to spell out specific authority to award counsel fees, but this does not obstruct the award. The remedy of this section, like that provided in actions for a limited divorce under V. S. 47, §3220, is the same as in actions for

divorce. The same rule of construction applies. The statute "is understood to contain by implication, if it does not by express terms, all such provisions as are necessary to effectuate its object and purposes and to make effective the rights, powers, privileges and jurisdiction that it grants—." *In re Roberts,* 111 Vt 91, 93, 10 A2d 1, 2.

The court found that these proceedings "vitally concern the welfare of the child Katherine Penelope." The defendant took no exception to this finding. Upon the findings made, the court was justified in awarding counsel fees and disbursements incurred as a result of the present petition to modify the previous order; otherwise, the child might be deprived of the very protection which the statute seeks to afford her. See *Simonds* v. *Simonds,* 81 US App DC 50, 154 F2d 326, 13 ALR 2d 1138, 1142; 17 Am Jur, Divorce and Separation, §636, p 711; 27 CJS, Divorce, §225, p. 935.

The extension of the award to the expense incurred on the appeal of the prior case stands differently. This provision in the order produces a retroactive result.

During the pendency of that appeal and after the remand from this Court, the opportunity was available to the plaintiff to obtain relief for this expense by application to the concurrent term of the Windham County Court or to a superior judge, upon the facts and circumstances that then existed. *Davidson* v. *Davidson,* 111 Vt 24, 29, 9 A2d 114.

The revisory power of the county court upon the present petitions is limited to a consideration of the change in circumstances and conditions that have developed subsequent to the last order. *Mc Kinney* v. *Kelley, supra,* 120 Vt 299, 141 A2d 660; *Sand* v. *Sand, supra,* 116 Vt at 72, 69 A2d 7. Counsel fees incurred during the pendency of the prior case do not concern facts or circumstances that have arisen since the former order. They involve an issue that subtended the order which is now sought to be modified. When the prior order was at last settled, it concluded the parties, not only upon all issues actually tried, it concluded them upon all issues that might have been tried at that time. *Johnson* v. *Wells-Lamson Quarry Co.,* 103 Vt 475, 479, 156 A 681, 77 ALR 492. The

matter of counsel fees and expenses which relate to the appeal of the former case was a proper subject of inquiry in that cause. The issue cannot be revisited in the pending cause. Counsel fees incurred on the prior appeal were improperly included in the present judgment order.

*Paragraph two of the judgment order is affirmed. Paragraphs one, three and four of the judgment order are reversed and cause is remanded for amendment of these paragraphs of the udgment order in accordance with the views herein expressed.*