# Petition of Roger S. Dusablon

[ 230 A.2d 797 ]

April Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 6, 1967

*Patrick J. Leahy,* State's Attorney, and *Alan W. Cheever,* Assistant Attorney General, for the state.

*Peter Forbes Langrock* for defendant.

**Holden, C.J.** The petitioner is in confinement at the Vermont State Prison under sentence of the Chittenden County Court following his conviction of the crime of burglary in the nighttime. The statutory penalty prescribed for this offense is imprisonment for not more than fifteen years. 13 V.S.A. §1201.

Pursuing the post conviction procedure provided in 13 V.S.A. §§7131-7137, the petitioner attacks the judgment and sentence on the ground that a member of the bar, engaged to assist the State in the prosecution, acted without authority in the prosecution of the offense. After full hearing and findings of fact, the lower court denied the petition. This appeal calls upon us to review the order denying post conviction relief.

The prosecution was instituted by an information filed by the state's attorney of Chittenden County. According to the findings, the attorney general of Vermont requested the Governor to appoint Richard E. Davis, Esq., as a "special assistant attorney general or prosecutor." The request cited the heavy case load on the criminal docket and the need of assistance for the state's attorney's office to expedite the disposition of criminal causes in Chittenden County. The request was granted and the appointment was recorded in the executive office. By virtue of this authority, Mr. Davis became engaged in the prosecution of the complaint presented against the petitioner.

On the third day of the trial the proceedings were concluded by the request of petitioner's counsel to withdraw the prior plea of not guilty. When called upon by the court the petitioner personally indicated his desire to change his plea and thereupon entered a plea of guilty to the offense upon which his sentence stands. The state's attorney was present when the change in plea was made. Later he addressed the court on the matter of sentence. The petitioner was represented by counsel throughout the full course of the proceedings.

No question was raised at that time concerning the status and authority of Mr. Davis to represent the interests of the State in the prosecution. In the present proceedings the petitioner challenges the appointment of Mr. Davis as the principal ground for vacating the sentence.

At the time of the petitioner's conviction there was no specific statutory authority for the appointment of special assistant attorneys general. But see, 1965, No. 44 §1; 3 V.S.A. §153(c). Since the early days of our government it has been the practice in this state to engage the services of special counsel to aid state's attorneys in the prosecution of serious criminal offenses. See, *In re Snell,* 58 Vt. 207, 211, 1 Atl. 566; also, *State* v. *Winters,* 102 Vt. 36, 145 Atl. 413; *State* v. *Teitle,* 117 Vt. 190, 90 A.2d 562.

The Legislature in 1872 provided for compensation by the State to counsel assigned to represent respondents in extreme poverty in all criminal causes in any court. 1872. No. 27 §1. Since 1878 the governor has been empowered to employ counsel "in behalf of the state in any state department or office where in his judgment the protection of the rights and interests of the state demands it." 3 V.S.A. §4. The next legislature imposed restrictions on compensation to be paid assigned counsel in criminal causes. Counsel appointed for the defense could be paid only in felony cases. As for the prosecution, it was provided that compensation "shall not be paid by the state to counsel assigned to assist the state's attorney in criminal proceeding, except in capital causes or where the punishment is by imprisonment in the state prison for a term exceeding ten years or where the state's attorney is disqualified by reason of interest or relationship to the respondent." 1860, No. 12; 13 V.S.A. §6503. The provision concerning assistance for the state's attorney was in effect at the time of the petitioner's conviction.

■ This statute expressly recognizes the authority for the appointment of special counsel to assist the state's attorney in the prosecution of the offense charged against the petitioner. By plain implication, it is as much a part of the enactment as though the authority was expressly granted. *Loeb* v. *Loeb,* 120 Vt. 489, 497, 144 A.2d 825; *In re Roberts,* 111 Vt. 91, 93, 10 A.2d 1.

■ The predominant interest of the State and the public at large in the administration of criminal justice in its most populous county

clearly justified the executive appointment of special counsel to expedite disposition of an overcrowded criminal docket. Whether the attorney called upon to serve the State in this capacity was designated special assistant attorney general or special prosecutor is of no legal significance in the disposition of the present petition. The attorney appointed was bound by the same standards of conduct and participation as the duly elected state's attorney whom he was assisting. And there is no suggestion that the case against the petitioner was unfairly or improperly presented, either before the plea of guilty was entered or in the matter of sentence.

The respondent had no special right to have his case presented solely by the elected prosecutor. The petitioner's plea of guilty is not affected by the presence of outside counsel, even though the strength of the case presented may have had some bearing on the respondent's decision to abandon his claim to innocence. *State* v. *Bartlett*, 105 Me. 212, 74 Atl. 18, 19; *State* v. *Hale*, 85 N.H. 403, 160 Atl. 95, 97; 42 Am. Jur., Prosecuting Attorneys §10.

The petitioner seeks to vacate the judgment against him on the further ground that there is no showing in the record that the special counsel received and subscribed to the oath prescribed in §52, Chapter II of the Vermont Constitution. There is a presumption that the executive authority was properly conferred and legally exercised. *In re Charizio*, 120 Vt. 208, 211, 138 A.2d 430; *State ex rel. Billado* v. *Control Commissioners*, 114 Vt. 350, 356, 45 A.2d 430. And the petitioner has failed to establish there was any deficiency in this respect.

In any event, an infirmity in the qualifications of an officer, commissioned to perform a public trust, does not affect the court's jurisdiction. *State* v. *Levy*, 113 Vt. 374, 379, 34 A.2d 370. Had the defect suggested been established, the special prosecutor's standing as a *de facto* officer would furnish ample authority to sustain the conviction. *State* v. *Levy, supra; Fancher* v. *Stearns*, 61 Vt. 616, 618, 18 Atl. 455.

The court's jurisdiction being well founded, the petitioner's plea of guilty, offered with advice of counsel and accepted by the court, was conclusive when made. On the facts presented, it binds the petitioner in these proceedings. *In re Garceau*, 125 Vt. 185, 188, 212 A.2d 633; *In re DeCelle*, 125 Vt. 467, 469, 218 A.2d 714.

*Order affirmed.*

Mr. Justice Keyser, although present when the cause was heard, did not participate in this decision.