Harry and Devota Welch v. John LaGue, et al.

[451 A.2d 1133]

No. 518-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*Cheney & Brock,* Montpelier, for Plaintiffs-Appellees.

*Bernasconi & Koch,* Barre, for Defendant-Appellant LaGue.

*Stephen C. Walke, Jr.,* and *Ralph W. Howe III* of *Paterson, Walke & Pratt, P.C.,* Montpelier, for Defendants-Appellees Reed.

**Peck, J.** This appeal results from a dispute over certain land in East Montpelier, Vermont. The merits of the trial court's resolution of the various claims to the property are not challenged here; the sole issues presented by the appellant, John LaGue, relate to the propriety of the trial court's award of attorney's fees to appellees Lawrence and Cynthia Reed, and monetary damages to appellees Harry and Devota Welch.

In 1932 Anna Welch conveyed two of three parcels comprising a tract of approximately 100–120 acres to plaintiffs-appellees Harry and Devota Welch, retaining for herself a 10-acre parcel (hereinafter the "disputed parcel"). In 1965 plaintiffs conveyed the larger of the two parcels to defendants Franklin and Joyce Garfield. Then in 1966 Anna Welch conveyed the 10-acre disputed parcel to plaintiffs.

However, in 1967 and 1970 the Garfields attempted to convey portions of the disputed parcel to defendants Eddie and Nellie Clark and defendant Sidney Partridge, apparently in the belief it was a part of the property conveyed to them by plaintiffs. The Clarks quitclaimed their purported interest in the disputed parcel to an individual in 1974, who in turn quitclaimed it the next day to defendant-appellant John LaGue. In June of 1976 LaGue leased this portion of the disputed parcel to Lawrence and Cynthia Reed for $50 per month. LaGue also granted the Reeds an option to purchase the leased premises by conveyance of "good and merchantable title."

Not surprisingly, this parade of conveyances was interrupted by suit; the Welchs brought an action in Washington Superior Court against the Clarks and LaGue asserting title to the disputed parcel, then occupied by the Reeds. Upon learning of this suit, the Reeds moved successfully to intervene and filed a cross-claim against LaGue seeking, inter alia, judgment for their attorney's fees. Following trial the court concluded that the Welchs did indeed hold title to the dis-

puted parcel, and thereupon awarded judgment in their favor against LaGue for the fair rental value of the premises. The Reeds were awarded attorney's fees from LaGue in the amount of $2,651.50. LaGue appeals challenging only these two aspects of the trial court's decision.

LaGue first claims that the trial court erred in awarding the Reeds attorney's fees and litigation expenses as consequential damages. The trial court concluded that the Reeds were entitled to recover these expenses because LaGue was unable to convey good and marketable title to them in accordance with the leasing agreement, which in turn required the Reeds to incur expenses in protecting their interests in land and betterments in the action brought by the Welchs. We hold this award to be proper under the standards enunciated in *Albright* v. *Fish*, 138 Vt. 585, 422 A.2d 250 (1980).

■■ In *Albright* we discussed the exception to the general rule in Vermont that, absent statute or contract, the expenses of litigation are not recoverable as an element of damage. See also *Loeb* v. *Loeb*, 120 Vt. 489, 496, 144 A.2d 825, 830 (1958). "[W]here the wrongful act of one person has involved another in litigation with a third person or has made it necessary for that other person to incur expenses to protect his interests, litigation expenses, including attorney's fees, are recoverable." *Albright*, *supra*, at 591, 422 A.2d at 254. In applying this exception the critical inquiry is "whether the action, for which attorney's fees are claimed as consequential damages, is brought or defended by third persons—that is, persons not privy to the contract, agreement or events through which the litigation arises." *Id*. (quoting *Armstrong Construction Co*. v. *Thomson*, 64 Wash. 2d 191, 196, 390 P.2d 976, 979 (1964)).

■ In the instant case, the Reeds were not privy to the events which led to the institution of suit by the Welchs. Under the terms of the contract between LaGue and the Reeds, LaGue promised to "transfer and convey unto said [Reeds] a good and merchantable title to the land and premises." The Reeds were unaware of the Welchs' claim at the time the contract was entered into and proceeded to make significant improvements to the property. Moreover, they ex-

ercised their option to purchase in accordance with the terms of the contract and were at all relevant times able and willing to purchase the property from LaGue. Thus, LaGue's breach of the covenant to convey good and merchantable title to the Reeds of necessity involved them in litigation with the Welchs in order to protect their substantial interests then placed in jeopardy. Under these facts the trial court correctly concluded that the litigation fell within the exception to the general rule governing attorney's fees.

LaGue next argues that the Welchs should not have been awarded monetary damages. The trial court found that the reasonable rental value of the disputed parcel occupied by LaGue and then the Reeds to be $2,400. This figure was based on the actual rent LaGue had received in the four years he had leased the property to the Reeds and is not challenged as to amount by LaGue.

It is undisputed that LaGue, although he may have acted in good faith, wrongfully occupied the disputed parcel. The property belonged to the Welchs the entire time LaGue possessed it and when he was renting it to the Reeds. Accordingly, we believe that the trial court properly used the reasonable rental value of the land as the measure of damages for LaGue's wrongful occupancy. *Willey* v. *Hunter*, 57 Vt. 479, 491 (1884); 22 Am. Jur. 2d *Damages* §§ 132, 155.

*Judgment affirmed.*