**BURLINGTON DRUG COMPANY, INC.**

v.

**ROYAL GLOBE INSURANCE COMPANY.**

Civ. A. No. 85–54.

United States District Court,
D. Vermont.

Aug. 15, 1985.

H. Joseph Gamache, Sylvester & Maley, Burlington, Vt., for plaintiff.

John M. Dinse, Dinse, Erdmann & Clapp, Burlington, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

This suit was filed as a declaratory judgment action, wherein Plaintiff Burlington Drug Company, Inc. (hereinafter BDC) requested a ruling that Defendant Royal Globe Insurance Company, one of the Plaintiff's insurers, is obligated to defend BDC in a separate action filed by the United States naming BDC as a defendant.[1] On June 4, 1985, this Court ruled that, pursuant to the terms of its insurance policy with Plaintiff, Defendant Royal Globe has a duty to defend BDC in the underlying suit. BDC now seeks an award of attorney's fees incurred in connection with this suit, as well as fees incurred in its defense of the underlying action.

The general rule in Vermont is that, absent a statute or contract to the contrary, each party must bear their own expenses of litigation. *Welch v. LaGue*, 141 Vt. 644, 451 A.2d 1133 (1982); *Albright v. Fish*, 138 Vt. 585, 422 A.2d 250 (1980); *Loeb v. Loeb*, 120 Vt. 489, 144 A.2d 825 (1958). This rule has been applied in declaratory judgment cases, where an insured seeks an order regarding the insurer's duty to defend. In *Jefferson-Pilot Fire and Casualty Co. v. Boothe, Prichard & Dudley*, 638 F.2d 670 (4th Cir.1980) (applying Virginia law), for example, the court ruled that "[w]hile we understand [the insured's] unhappiness at having to use its own resources in order to sue [the insurer], we are obliged to follow the well settled Virginia rule that absent a contractual obligation or statutory provision to the contrary, a party sued for breach of contract and found liable does not have to compensate the injured party for its costs in bringing the action." *Id.* at 676. In this case, we are aware of no contractual obligation or statutory provision[2] which would allow

1. In the primary suit, the United States has named Daniel and Frances Kennedy, James and Rebecca Pell, Authur and Sharon Drolet, Burlington Drug Company, Inc. and James and Joseph Valz as defendants. The primary suit is an action to collect on a promissory note executed by the West Rutland Pharmacy, Inc. and assigned to the Small Business Administration. In count I of its complaint, the United States claims, *inter alia*, that Defendants James and Rebecca Pell, as guarantors of the note, are liable for the sums due and owing. In count II of the complaint, the United States claims that Burlington Drug executed a possessory writ of attachment on the inventory of the West Rutland Pharmacy when it knew that the United States had a prior interest in the same collateral.

Shortly after filing the complaint, Defendants Pell filed a cross claim against BDC, claiming that it had harassed them in an effort to collect certain debts the West Rutland Pharmacy owed BDC. The Pells claim BDC's conduct in collecting the debts was harassing and caused them injury. We held that the Pells' claims are covered under BDC's insurance policy with Royal Globe.

2. Vermont's Declaratory Judgment Act does provide for the award of costs where equitable and just. *See* 12 V.S.A. § 4720. However, although the Act, as a remedial statute, should be read broadly, we think it clear that, as used in the statute, "costs" do not include attorney's fees. *See Black's Law Dictionary*, 5th ed. (costs do not include attorney's fees unless such fees are by statute denominated as costs). Any other read-

Plaintiff to recover fees incurred in this case.

In support of its request for fees incurred in this declaratory judgment action, BDC relies in part on *Utilities Construction Corp. v. Peerless Insurance Co.*, 233 F.Supp. 64 (D.Vt.1964). The judgment order in that case ordered the insurer to reimburse the insured for the insured's fees incurred in bringing a declaratory judgment action seeking a ruling of coverage. Insofar as the court there did not state any grounds for its award of fees in the declaratory judgment action, we decline to use the *Utilities* case as viable precedent in this case. Therefore, Plaintiff's request for an award of fees expended in connection with this declaratory judgment action must be denied.

■■■ We are mindful, however, of the apparent burden our ruling, and the Vermont law on the issue, places on insureds. Without any sanction for a refusal to defend, the onus is placed on the insured to bring a declaratory judgment action to order the insurer to defend. It would thus be to the insurer's advantage to wait for the insured to bring such a suit before undertaking to defend in the underlying action. On the other hand, an insurer should be permitted to make a good faith determination of no coverage without suffering a penalty if it is later determined that the insurer's decision was erroneous. Therefore, we believe an award of attorney's fees in a declaratory judgment action such as this should be permitted, but only where there is a showing that the insurer's denial of coverage was made in bad faith or with vexatious disregard for the terms of the policy or the claims against the insured. *See, e.g., Columbia Union National Bank v. Hartford Accident and Indemnity Co.*, 669 F.2d 1210 (8th Cir.1982) (construing Missouri statute); *Conway v. Country Casualty Insurance Co.*, 92 Ill.2d 388, 65 Ill.Dec. 934, 442 N.E.2d 245 (1982). In this case, BDC has proffered no evidence that, in denying coverage, Royal Globe acted in bad faith. Accordingly, even if Vermont

followed the "bad faith" rule, BDC's request for fees would fail.

■■■ With regard to Plaintiff's request for an award of fees incurred in the underlying suit, the general rule is that such fees, to the extent reasonable, may be recovered. Where an insured is forced to defend suit because his insurer denies coverage, the insured may recover attorney's fees expended in that defense if it is determined that the insurer was, in fact, obligated to defend. *Buntin v. Continental Insurance Co.*, 525 F.Supp. 1077, 1083 (D.V.I. 1981). Where, however, the suit contains claims which the insurer is *not* obligated to defend, the question arises whether the insured is entitled to recover *all* fees expended in defense of the suit. In such a situation, courts generally apportion the fees where the non-covered claims can "clearly be distinguished from the covered claims." *Crist v. Insurance Co. of North America*, 529 F.Supp. 601, 604 (D.C.Utah 1982). Where the covered and non-covered claims cannot be so distinguished, the insurer will be liable for all fees expended. *Id.* at 604. This is in part because an insurer's obligation to defend is greater than its obligation to indemnify. *Id. See also State of Vermont v. Glens Falls Insurance Company, Inc.*, 132 Vt. 97, 315 A.2d 257 (1974).

■■■ In this case, there is no question that the underlying suit involve both covered and non-covered claims. The Government claims that it has a prior-perfected security interest in inventory belonging to the West Rutland Pharmacy, that BDC was aware of the Government's prior interest, but that BDC nevertheless executed a possessory writ of attachment against the same inventory. The Pells, guarantors on a note executed by West Rutland Pharmacy to the Government, claim that, as one of West Rutland's creditors, BDC harassed them in an effort to collect on certain debts. The Pells claim this conduct lasted for a period of approximately one year and caused them bodily injury and emotional

ing of the statute would be overbroad and unwarranted.

distress. The Government's claim is clearly not covered by the Royal Globe policy, whereas the Pell's claim is covered. This point is not in dispute.

The question is whether the claims asserted against BDC by the Government and by the Pells are distinguishable. Proof of the Government's claim will largely be a matter of determining priority of interest under Vermont's commercial code. *See, e.g., Greg Restaurant Equipment & Supplies, Inc. v. Valway*, 144 Vt. 59, 472 A.2d 1241 (1984). Reading the Government's claim broadly, it may be construed to contain a claim of intentional interference with contract. Nevertheless, however broadly the claim is construed, the facts sustaining the claim will revolve around BDC's conduct vis-a-vis the Government. On the other hand, proof of the Pells' claims will largely involve facts concerning BDC's conduct for the year during which it is alleged BDC tried to collect West Rutland's debts from the Pells. Proof of the claim may also involve BDC's conduct in executing the possessory writ of attachment. But, once again, no matter how broadly the Pells' claim is read, it will certainly be limited to BDC's conduct vis-a-vis the Pells. For these reasons, we think the Government's and the Pells' claims are distinguishable and, therefore, BDC's attorney's fees must be apportioned accordingly.

At the hearing on this matter, it was agreed that a fee of $65.00 per hour was a reasonable rate for this type of case. After reviewing BDC's attorney's affidavit filed in support of his motion for fees, the court has concluded that approximately thirty-seven (37) hours were spent on defense of the Pells' cross-claims or on matters related thereto.[3] Therefore, BDC is entitled to $2,405 in attorney's fees. Although not specifically addressed at the hearing, the Court has determined that BDC is entitled to an additional $165.60 in disbursements incurred by its attorney.

3. The following is a list of dates for which the Court has permitted attorney's fees: 5/20/82, 5/24/82, 2/14/84, 12/11/84, 1/10/85,

## ORDER

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendant Royal Globe Insurance Company is liable to Plaintiff Burlington Drug Company for attorney's fees and costs in the amount of $2,570.60.

SO ORDERED.

1/11/85, 4/3/85, 4/12/85, 4/24/85, 5/1/85, 5/2/85, 5/8/85, 5/15/85, 5/21/85, 5/22/85, and 5/31/85.