### HIRAM FANCHER *v.* FRANK H. AND HIRAM STEARNS.

*Officers de facto. Validity of Acts as to Third Parties. Justice of the Peace.*

1. The acts of a public officer, proceeding under a regular commission from the proper appointing or electing power, are binding upon third parties, although in law the title of such officer to his office is fatally defective.

2. The judgment of a justice of the peace, regularly appointed and commissioned by the governor, is valid, notwithstanding that such justice is ineligible to the office.

This was an appeal from the judgment of a justice of the peace. The defendants contended that the suit should be dismissed for the reason that the justice had no jurisdiction in the premises, and it was stipulated that the same judgment should be given as though the proper pleadings had been filed. The court at the April Term, 1889, Royce, Ch. J., presiding, dismissed the appeal. The plaintiff excepted.

The facts were as follows:

The said justice was appointed by the governor to fill a vacancy. He was regularly commissioned, and, during his term, discharged the various duties of his office. In fact, he was not eligible to the office, for the reason that he was not a naturalized citizen of the State. The plaintiff was ignorant of this disqualification.

Fancher *v.* Stearns.

*P.·K. Gleed* and *B. A. Hunt,* for the plaintiff.

The justice was an officer *de facto.* This being so, the validity of his acts cannot be drawn in question between third parties. *McGregor* v. *Balch,* 14 Vt. 428 ; *Lyndon* v. *Miller,* 36 Vt. 329 ; *Coolidge* v. *Brigham,* 1 Allen, 333 ; *Pier Co.* v. *Hannam,* 3 B. & Ald. 160 ; *State* v. *Carroll,* 9 Am. Rep. 409 ; *Petersilea* v. *Stone,* 119 Mass. 465 ; *F. R. R. Co.* v. *G. J. R. Co.,* 1 Allen, 552 ; *People* v. *Dean,* 3 Wend. 436 ; 5 Wait's A. and D.; *McGregor* v. *Balch,* 14 Vt. 436 ; *Norton* v. *Shelby County,* 118 U. S. 425 ; *Norwich* v. *Yarington,* 20 Vt. 473 ; *Parker* v. *Baker,* 8 Paige, 427 ; *Wilcox* v. *Smith,* 5 Wend. 228 ; *People* v. *White,* 24 Wend. 520; *McInstry* v. *Tanner,* 9 Johns. 132.

*H. M. McFarland,* for the defendants.

The opinion of the court was delivered by

POWERS, J. Public office is a public trust. The public generally is interested in the administration of this trust and has the right to assume that persons in possession of an office under the forms of law and holding commissions attesting their title thereto are in *fact* as they are in *form de jure* officers. To prevent the endless confusion and irreparable injuries that would otherwise follow, the doctrine, that officers coming into the possession of their offices under the forms of law and assuming to act under a proper commission issued by the proper elective or appointing power are *de facto officers* whose acts are binding upon third persons, even though upon *quo warranto* proceedings their title would be found fatally defective, has been firmly established in this country and in England. See *State* v. *Cornwall,* 38 Conn. 471, for a learned and exhaustive discussion of this doctrine, also, *McGregor* v. *Balch,* 14 Vt. 428 ; *Norwich* v. *Yarington,* 20 Vt. 473 ; *Lyndon* v. *Miller,* 36 Vt. 329.

It is also firmly established that in the proceedings between third parties no proof is admissible upon the question whether the officer has a valid title to his office.

His commission coupled with his possession is conclusive of his right in all cases where he is not a party. And this is true whether he be *ineligible* to or incapable of *holding* the office. *People* v. *Dean*, 3 Wend. 436; *McGregor* v. *Balch, supra*; *Norwich* v. *Yarington, supra*; *Norton* v. *Shelby Co.*, 118 U. S. 425; 5 Wait's Actions and Defences.

The agreed statement of facts was made subject to the legal objection that proof could not be received to question Justice Monteith's title to his office.

We hold, therefore, that Mr. Monteith was a justice *de facto* whose acts as a justice in the case were as valid as though he were a justice *de jure*.

*The judgment is reversed and the case is remanded.*