GUY ROUNDS *v.* MICHAEL McGEOWN.

November Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 3, 1939.

*Edward J. Shea* for the defendant.

*Ernest W. Gibson, Jr.,* for the plaintiff.

SHERBURNE, J.   This case comes here upon exceptions to the overruling of defendant's plea that the court ought not to take further cognizance of the action, because he says, in substance, that the attempted service of process was made by one disqualified to serve process because he held the incompatible offices of deputy clerk, deputy sheriff and attorney and counselor at law; and that because of the lack of legal service of process by a qualified officer the court is without jurisdiction of the process. ·

It is here insisted that the offices of attorney at law and deputy clerk are incompatible with the office of deputy sheriff at common law, and under Chapter II, section 5, of our Consti-

tution which reads: "The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others," and under P. L. 3401 which provides: "A sheriff or deputy sheriff shall not appear in any court as counsel, nor make a writ, complaint, answer or other precept or process, except in his own cause. A writ, complaint or other process herein prohibited made by him shall be dismissed and the defendant recover his costs."

As this is not a proceeding against the one who served this process to determine his right to hold these three offices at the same time, it is unnecessary to comment upon the points raised. No question is made that the officer here had anything to do with making the writ or process, or that he was not duly appointed and qualified as a deputy sheriff. It is only claimed that he was ineligible to the office. He is, therefore, at least a *de facto* officer, and his acts in serving this process are valid as between the parties hereto. *Fancher* v. *Stearns,* 61 Vt. 616, 18 Atl. 455, and cases cited.

*Judgment overruling defendant's plea affirmed, and cause remanded.*