## STATE *v.* LOUIS LEVY.

October Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 2, 1943.

*Theriault & Hunt* for the respondent..

*Joseph W. Foti,* grand juror, for the State.

MOULTON, C. J. This respondent was convicted of the crime of petit larceny in the Montpelier Municipal Court, and brought the cause before us upon exceptions. He has filed in this Court a plea to the jurisdiction on the ground that the process and warrant, upon which he was arrested and brought to trial and judgment, were issued without lawful oath or affirmation first made, in contravention of Art. II of the Declaration of Rights of the Inhabitants of the State of Vermont, as contained in Chapter 1 of our State Constitution. The plea sets forth that the complaint was made by Joseph W. Foti, upon his oath of office as City Grand Juror of the City of Montpelier; that Mr. Foti could not and did not lawfully hold and exercise that office, because at the time of his appointment and qualification, and at the time of making the complaint, he held and exercised the office of Referee in Bankruptcy for Washington County, and that the complaint was, therefore, without lawful authority and null and void. The sufficiency of this plea is the issue for our determination.

A question of jurisdiction may be raised at any stage of a case and is never out of time. *State* v. *Barnett,* 110 Vt 221, 228, 3 A2d 521. If the trial court is without jurisdiction the appellate court has none. *In re Everett's Estate,* 113 Vt 265, 33 A2d 223, 224.

Chapter 2, sec. 50 of the Vermont Constitution is as follows: "Nor shall any person holding any office of profit or trust

under the authority of Congress be eligible to any appointment in the Legislature, or to any executive or judiciary office under this State." The words "eligible to any appointment" are to be construed as having reference to the qualification to hold office, and not to the choosing or election to office, and the disqualification must exist at the time the term of office begins. *State ex rel Perkins* v. *Edwards,* 99 Vt 1, 5, 130 A 276. According to our law a city or town grand juror is an informing and prosecuting officer. P. L. secs. 2339-2348 incl. It is a matter of common knowledge that in our cities and larger towns the incumbent of this office is almost invariably a member of the bar. It is a judiciary office, since it is "of or pertaining to the administration of justice or the courts." 2 Bouvier Law. Dict. (Rawle's 3rd Revision) tit. "Judiciary." Assuming but not deciding, that the office of Referee in Bankruptcy is "an office of profit or trust under the authority of Congress," as defined in Chap. 2, sec. 17 of the Vermont Constitution, which provides that the words "shall be construed to mean any office created directly or indirectly by Congress, and for which emolument is provided from the Treasury of the United States," Mr. Foti was ineligible to hold and exercise the office of City Grand Juror. Aside from the Constitutional provision above quoted, it does not appear that the respective duties of a Referee in Bankruptcy and a City Grand Juror are such as to require an application of the common law rule prohibiting a public officer from holding two incompatible offices at the same time. *Howard* v. *Harrington,* 114 Me 443, 96 A 769, 770, LRA 1917A 211, 212, and cas. cit. Annotation pp. 216 ff.

But it does not follow that if Mr. Foti was ineligible to hold office as City Grand Juror his acts done under the color of his authority were, so far as third persons were concerned, null and void. In *McGregor* v. *Balch,* 14 Vt 428, 436, 39 Am Dec 231, there was a plea to the jurisdiction of a justice of the peace on the ground that he was, at the time of the signing of the writ and at the time of trial, a postmaster and therefore ineligible under the Constitution to the office of justice of the peace and unauthorized to take cognizance of the action. It was held that although the office of postmaster was one of profit and trust under the authority of Congress, and the office of justice of the peace a judiciary one he was an officer *de facto,* and his acts as respecting third persons

were valid. The plea was held insufficient. The distinction between officers *de jure* and officers *de facto* is thus stated by Williams, C. J.: "An officer *de jure* is clothed with all the power and authority appertaining to the office and neither his doings nor his acts, within the limits of his authority, can be questioned anywhere. The acts of an officer *de facto* are, as respects third persons, valid; as it respects himself invalid. An officer *de facto* is one who comes in by the forms of an election, but, in consequence of some informality, or want of qualification, is incapable of holding the office. Until, therefore, the appointment is vacated, his acts must be considered as valid."

This principle is illustrated and applied in *Fancher* v. *Stearns,* 61 Vt 616, 617-8, 18 A 455, where a person who was not a naturalized citizen and consequently ineligible to hold office as justice of the peace was appointed to that position by the Governor to fill a vacancy, and, upon objection being made to his jurisdiction, it was held that, having come into possession of the office under the forms of law and having assumed to act under a proper commission issued by the proper appointing power, he was a de facto officer whose acts were binding upon third parties, even though upon *quo warranto* proceedings his title would have been found fatally defective. *Lyndon* v. *Miller,* 36 Vt 329, 331, is to the same effect.

These decisions are in accord with authorities from other jurisdictions, among which may be mentioned: *Thomas Sheehan's Case,* 122 Mass 445, 446, 23 Am Rep 374; *Commonwealth* v. *Taber,* 123 Mass 253, 254; *State* v. *Poulin,* 106 Me 224, 74 A 119, 122, 24 LRANS 408, 134 Am St Rep 543; *State* v. *Boiselle,* 83 NH 339, 143 A 704, 706; *State ex rel Sommers* v. *Dowell,* 82 W Va 240, 95 SE 861, LRA 1918 D 1077, 1078-9, and cas cit. in Annotation: also Annotation 100 ALR 1187; See also 43 Am Jur tit. "Public Officers" para. 495 and cas. cit.

■■ Although the *de facto* doctrine has been described, perhaps not very happily, as "exotic" it is based upon sound reasons of public policy for the protection of the interests of the public and individuals which are involved in the official acts of persons exercising the duties of an office without being lawful officers, since it is unreasonable to require the public to inquire into the title of an officer or to compel him to show title, (*State* v. *Poulin,*

*supra*, 106 Me 224, 74 A at p. 121) ; and "to prevent the endless confusion and irreparable injuries that would otherwise follow." *Fancher* v. *Stearns, supra*. A *de facto* officer cannot, however, justify his acts as such in any suit to which he is a party, (*Smith and Son, Inc.* v. *Town of Hartford*, 109 Vt 326, 332, 196 A 281; *Willard* v. *Pike*, 59 Vt 202, 214, 9 A 907; *McGregor* v. *Balch, supra*, at p. 435) ; or upon *quo warranto* proceedings. *State ex rel Perkins* v. *Edwards*, 99 Vt 1, 5, 130 A 276; *Fancher* v. *Stearns, supra; McGregor* v. *Balch, supra*.

The respondent cites *Woodcock* v. *Bolster*, 35 Vt 632, in support of the plea. In that case a person who was not a naturalized citizen was elected at a meeting of a school district as the prudential committee to assess the tax for school purposes upon the lists of the inhabitants of the district. It was claimed that the tax was illegal, but it was held that, under the pertinent statutes, it was not a requisite qualification to hold office in a school district that one should be a freeman and the tax was upheld. The court remarked, however, that the *de facto* doctrine "could not be extended to cover a case where by law the person could not hold office, and if such foreigner was not by law eligible to the office of the committee, his acts cannot be regarded as valid." (p. 637). It is evident that this statement is merely a dictum, since it was held that the committee was a *de jure* officer, and the proposition that an unnaturalized foreigner cannot be a de facto officer has been apparently overruled by the subsequent decision in *Fancher* v. *Stearns, supra*, where, as we have seen, such an ineligible person was appointed a justice of the peace, and was held to be a *de facto* officer. Furthermore, in *Woodstock* v. *Bolster*, as in *Smith and Son Inc.* v. *Town of Hartford, supra*, the validity of a tax was in issue. In the latter case it appeared that the listers of the defendant town had not been elected in the manner prescribed by statute, and the quadrennial appraisal made by them, and consequently the tax assessed thereon, were held to be illegal. The rule stated therein is that in proceedings to collect a tax the legality of every step of the taxing process from beginning to end, including the legality of the selection of the officer whose acts are questioned, must be established, and it cannot be claimed that, as against the taxpayer, such officer was an officer *de facto*. (109 Vt at p. 333, 196 A 281). It is not considered that either of the two decisions last mentioned is authoritative upon the question now before us.

■ We hold that Mr. Foti was, at least, an officer *de facto;* that he is not a party to the present proceedings; and that the complaint signed by him as City Grand Juror and the warrant issued thereon were sufficient to confer jurisdiction upon the Montpelier Municipal Court.

*Judgment that the plea to the jurisdiction is insufficient and it is dismissed. Let the cause stand for hearing upon the respondent's exceptions taken on trial.*