## MURPHY v. STATE.

No. A-11486. June 18, 1952.

(245 P. 2d 741.)

Tom Payne, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

POWELL, J. Arley Murphy was charged in the county court of Okmulgee county with the unlawful possession of intoxicating liquor, was convicted by a jury, and his punishment fixed at 90 days in the county jail, and a fine of $250. Appeal has been perfected to this court.

Plaintiff in error filed brief in support of his appeal, and when the matter came on for oral argument, one of the assistants to the Attorney General announced in open court that he could not defend the appeal, and he has not filed a brief.

Of the various assignments of error set out by defendant, the only question which requires consideration relates to the action of the court in denying the motion of appellant to suppress the evidence obtained, on the ground that the warrant was not issued, served and returned in the manner provided by law, and the evidence was obtained in violation of defendant's constitutional and statutory rights.

A hearing was had on the motion to suppress the evidence, and defendant introduced the testimony of two witnesses, Blane Hill, a captain on the police force of the city of Okmulgee, and Charles E. Steele, assistant county attorney of Okmulgee county, both of whom were present and participated in the raid. K. D. Bailey, the county attorney, and George Carter, a member of the Okmulgee police force, were also present.

The defendant alleged in his motion to suppress, among other things, that the search was unlawful for the reason that the purported officer making the return was not authorized by the laws of this state. The return on the search warrant is signed

"Blane Hill"

"Charles E. Steele"

And a note in the lower left-hand corner of the return recites: "Officers present at the raid were: Blane Hill, Charles E. Steele and George Carter." There is nothing on the search warrant to show whether Blane Hill attempted to serve the same as sheriff, deputy sheriff, constable, marshal, or a police officer.

Mr. Hill testified on the motion to suppress:

"Q. What office or position did you hold on the 17th day of January, 1950? A. Police Captain. Q. Police Captain of the city of Okmulgee? A. Yes, sir. Q. As such police captain of the city of Okmulgee, did you serve a search warrant on Arley Murphy on the 17th day of January, 1950; A. Yes, sir. Q. And this is your return on the back of this search warrant? (Hands instrument to witness) A. Yes, sir. Q. That's your signature on the top line? A. Yes, sir."

The return referred to, and which was introduced in evidence, shows that the liquor was found in "Hill Dale Place, an addition to Henryetta, Oklahoma."

Certainly, Blane Hill, as captain of the Okmulgee police, had no authority to made a raid or serve a search warrant in an addition to another city or town in the county, or outside of his own city, when not accompanied by the sheriff or one of his duly authorized deputies.

On cross-examination by the county attorney, Mr. Hill was asked: "What other law enforcement office do you hold in this County? A. I have a deputy sheriff's commission."

The commission was introduced in evidence, and on re-direct examination witness was asked: "Were you acting as police captain or deputy sheriff when you went to this place? A. Deputy sheriff."

The statutes prescribe the procedure which must be followed by the sheriff in the appointment of his deputies. The appointment must be in writing, filed with the county clerk, approved by the board of county commissioners, and the deputy must give a bond to the sheriff. Tit. 19 O. S. 1951 §§ 541-548. A card signed by the sheriff on January 3, 1945, had been issued to Blane Hill, and he had signed the oath of office appearing on the card before the court clerk of Okmulgee county, but that seems to be all that was done toward his appointment as a deputy sheriff. The appointment was not filed with the county clerk, and he testified that his appointment was not approved by the county commissioners, and he did not give

a bond. It is apparent from the evidence that the commission issued was an honorary one, what is commonly known as a "courtesy card" commission.

Tit. 22 O. S. 1951 § 1227 provides that a search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person, except in aid of the officer on his requesting it, he being present and acting in its execution.

Blane Hill was not such a deputy sheriff of Okmulgee county as to be authorized to serve process, or conduct a raid for intoxicating liquor when not accompanied by or called upon by the sheriff for such specific action, and had no more authority under the so-called deputy sheriff's commission than any other ordinary citizen.

In the case of Tripp v. State, 63 Okla. Cr. 41, 72 P. 2d 529, and again in the case of Allen v. State, 70 Okla. Cr. 143, 105 P. 2d 450, 454, this court has condemned the practice of sheriffs issuing such "courtesy commission." In the Allen case, Judge Jones, speaking for the court, said:

"The practice of sheriffs over the state in giving these honorary commissions, in view of the statute on disqualifications of jurors, is a practice that should be stopped. If they are intended merely as courtesy cards, they should be worded as courtesy cards, and no confusion would be caused in the trial courts or on appeal to this court by reason of the raising of this question.

"This court recently had called to its attention the courtesy cards issued by the Sheriff of Oklahoma County. This card grants all the privileges which are intended by the sheriff the holders of said cards should have and does not present the question that they are deputy sheriffs. For the convenience of the sheriffs of this state, who do not have a form of courtesy card, but have been issuing a so-called special deputy sheriff's commission, we are herewith printing one of those cards in the hope that the sheriffs of Oklahoma in their effort to appease the politically faithful who helped them get elected to office will use these or similar courtesy cards instead of attempting to commission their friends as deputy sheriffs:

"Sheriff's Office,
(State Seal)                                   Oklahoma County,
                                              State of Oklahoma
                                              *   *   *

"Know All Men By These Presents:

"That I:  *   *   *   Sheriff, Repose Special Confidence in the Honesty, Integrity and Good Citizenship of  *   *   *

Any Courtesy Extended Will be Appreciated

Given Under My Hand This  *   *   *  Day of  *   *   *,  19  *   *   *
                                              (Signed)  *   *   *  Sheriff.' "

It is elementary that a search warrant for a man's home must be issued, served and returned in the manner provided by statute. A large amount of contraband liquor was seized in this raid, and we dislike to reverse a case under such circumstances, but the record disclosing that all the evidence having been obtained by a private person attempting to serve process, it follows that the motion to suppress should have been sustained.

The judgment and sentence of the county court of Okmulgee county is accordingly reversed, and the cause remanded with directions to dismiss.

BRETT, P. J., and JONES, J., concur.