### State of Vermont v. Jackson Mitchell

[458 A.2d 1089]

No. 362-81

Present: Billings, Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

*Linda G. Mayer,* Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*Gensburg & Axelrod,* St. Johnsbury, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant from a jury verdict which found him guilty of impeding and assaulting a law enforcement officer in violation of 13 V.S.A. §§ 1023, 1028 and 3001. Defendant raises two issues for our review: first, whether the victim of the assault, a deputy sheriff, was a law enforcement officer within the meaning of the controlling statutes; secondly, defendant contends the court erred in refusing to charge the jury on the issue of self-defense. We affirm the conviction.

On August 22, 1980, defendant was a spectator at a demolition derby on the grounds of the Caledonia County Fair. An altercation broke out between the defendant's cousin, who was the driver of a demolition car, and a rule official. A uniformed deputy sheriff, who became the subject of the subsequent alleged assault, intervened and attempted to separate the combatants. At this point the evidence presented by the State and by the defendant differs. Defendant claims that he was pushed from behind into the officer, that the two of them fell to the ground, and that the officer grabbed him and hand-

cuffed him while he was trying to free himself. On the other hand, the officer testified that defendant jumped on him from behind, wrapped an arm around his neck, and threw him to the ground. The officer, assisted by a second deputy, then managed to handcuff defendant and took him into custody.

Title 13 V.S.A. § 1028 renders the offense of simple assault, under 13 V.S.A. § 1023, a more serious crime carrying greater penalties when it is committed upon a law enforcement officer performing a lawful duty. *State* v. *Peters*, 141 Vt. 341, 347, 450 A.2d 332, 335 (1982). However, defendant argues that the officer was not properly appointed as a deputy sheriff because he had not satisfied the training requirements of 24 V.S.A. § 311, and, therefore, he was not a law enforcement officer. This statute provides that a person must complete an approved basic training program satisfactorily before he may be appointed as a deputy sheriff.

The State introduced into evidence a "Certificate of Attendance" signed by the executive director of the Criminal Justice Training Council (Council) which certified that the officer had attended a 36-hour course in police instruction. Moreover, the Council's implementing regulations require completion of no more than 30 hours of training. The State then presented evidence in the form of the officer's testimony that the certificate was awarded to him upon his completion of the basic training course, and that this certificate was the only one he received.

Defendant argues that because the certificate used the word "attendance" rather than "completion," the officer was not a duly appointed deputy sheriff. Therefore, the enhanced penalties for an assault upon a law enforcement officer contained in 13 V.S.A. § 1028 could not be imposed. While this argument is predicated on semantics, it is not necessary to decide its merits here. We agree with the State, that even if there had not been substantial compliance with the spirit and intent of the statute and the Council's regulation, the *de facto* doctrine is sufficient to overcome defendant's argument. *In re G. V. & R. P.*, 136 Vt. 499, 394 A.2d 1126 (1978).

This case is not a proceeding in the nature of quo warranto to determine the deputy sheriff's right to hold the office. The fact that he was appointed, regardless of his eligibility or qualification, has not been challenged. Nor is this an action by

or against the officer; contrary to defendant's assertion, the deputy is not one of the "first parties" here; indeed, he is not a *party* at all in any sense of the word. Defendant's only claim relates to the officer's eligibility and qualifications for the appointment. In an analogous situation, in which the authority of a deputy sheriff to serve process was challenged on the grounds he held an incompatible office and was, accordingly, ineligible to hold the law enforcement office, this Court held he was, "at least a *de facto* officer, and his acts . . . are valid as between the parties hereto." *Rounds* v. *McGeown,* 110 Vt. 185, 186, 3 A.2d 547, 547 (1939). The "first parties" (as defendant refers to them) in the instant case are the State of Vermont and the defendant.

■ In a leading decision by this Court concerning the *de facto* doctrine, former Chief Justice Moulton, quoting *McGregor* v. *Balch,* 14 Vt. 428, 436 (1842), wrote:

> The acts of an officer *de facto* are, as respects third persons, valid; as it respects himself invalid. An officer *de facto* is one who comes in by the forms of an election, but, in consequence of some . . . want of qualification, is incapable of holding the office. Until, therefore, the appointment is vacated, his acts must be considered as valid. [*State* v. *Levy,* 113 Vt. 374, 377, 34 A.2d 370, 372 (1943)].

*Levy* is cited with approval in a more recent case. *In re G. V. & R. P., supra,* at 501–02, 394 A.2d at 1127–28. The latter may be considered also as authority for application of the *de facto* doctrine to appointed officers, should the express wording of *Balch* and *Levy* be construed as limiting the doctrine to elective officers.

■ The cases cited by defendant are not in point. In *Courser* v. *Powers,* 34 Vt. 517 (1861), the defendant was a party. In *State* v. *Ramsdell,* 109 R.I. 320, 285 A.2d 399 (1971), the only language cited relating to *de facto* officers does not support defendant's position; indeed it recognizes the validity of the doctrine, merely adding it is not applicable when the officer is himself a party. *Id.* at 330, 285 A.2d at 406. That is the rule recognized in virtually every jurisdiction of which

we are aware, including Vermont. *In re G. V. & R. P., supra,* at 501–02, 394 A.2d at 1127–28. However, the officer in *Ramsdell,* as in the case before us, was not a party. Finally, *Murphy* v. *State,* 95 Okla. Crim. 333, 245 P.2d 741 (1952), cited by defendant, involved an act by a police officer outside of his territorial jurisdiction; he was neither an officer *de facto* nor an officer *de jure.* It is true that he claimed to be acting as a deputy sheriff by virtue of an appointment by the county sheriff. However, under the facts of the case, the Oklahoma court found that the appointment was merely an "honorary" or "courtesy" appointment, which conferred no authority on the police officer to act in any capacity in the territory outside of his own jurisdiction. In attempting to do so, the court added, he was no more than a private person. *Id.* at 335, 245 P.2d at 744. These cases provide no support for defendant; in fact they tend to work against him.

■ ■ The second issue raised by this appeal claims error in the trial court's failure to give a self-defense charge to the jury for its consideration. A defendant is not entitled to a charge on the law of self-defense unless there is some evidence to support such a charge. *State* v. *Darling,* 141 Vt. 358, 361, 449 A.2d 928, 929 (1982). Here, as noted above, defendant claimed that he was pushed into the officer, while the officer claimed that defendant attacked him by jumping onto his back. In either case, however, there was no evidence that defendant's initial physical contact with the officer was made in self-defense. Defendant argues that the alleged self-defense took place when the officer was trying to handcuff him, *after* the initial contact. But the assault complaint here relates back to the initial contact; any subsequent facts are irrelevant to this case, and cannot be superimposed to form the basis for a self-defense charge. The trial judge properly refused to charge the jury on this issue.

*Affirmed.*