# State of Vermont v. Wanita Oren

[627 A.2d 337]

No. 92-113

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 12, 1993

Motion for Reargument Denied May 18, 1993

*Jeffrey L. Amestoy*, Attorney General, and *David E. Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Charles S. Martin* of *Martin & Paolini, P.C.*, Barre, for Defendant-Appellant.

**Johnson, J.** This interlocutory appeal presents the question of whether a person may be found guilty of hindering a law enforcement officer, where the officer's commission has expired at the time of the offense. We agree with the trial court that the technically unqualified officer was an officer de facto. Therefore, we affirm the trial court's denial of defendant's motion to dismiss for lack of a prima facie case.

Defendant was charged with hindering a law enforcement officer in violation of 13 V.S.A. § 3001. The situation arose out of a deputy sheriff's attempt to serve civil process upon defendant at her home on February 8, 1989. Defendant was tried and convicted by a jury. A judgment of guilty was entered, and defendant was sentenced. After these events, defendant discovered that the deputy sheriff's commission had expired on February 1, 1989, seven days before the incident with which defendant was charged. Defendant moved for a new trial on the grounds of newly discovered evidence, contending that the deputy sheriff had ceased to be a law enforcement officer as of February 1, 1989, and that this "new" evidence would change the result of the trial. Despite the fact that the error in the commission was easily discoverable prior to trial, the motion was granted because the trial court viewed the issue of de facto officer status as a question for the jury.

Defendant then moved to dismiss the charges because the State would be unable to prove that the deputy sheriff was a law

enforcement officer, an element of the offense. This motion was denied by a different judge, who made findings of fact using the testimony from the hearing on the motion for new trial. The trial court found that the deputy sheriff, Jackie Cholewa, had been appointed a Washington County Deputy Sheriff by Sheriff Edson on August 11, 1988, with a commission to expire on February 1, 1989; that Sheriff Edson intended to have the commission expire on February 1, 1991; that the 1989 date was a mistake; and that Cholewa had been continuously working as a deputy sheriff since 1988 and was reappointed in 1991. The court concluded, as a matter of law, that Cholewa was a de facto officer at the time of the incident involving defendant. It denied defendant's motion to dismiss, and defendant took an interlocutory appeal to this court.

We conclude that the motion to dismiss was properly denied. "Under the *de facto* officer doctrine, long recognized by this Court, an officer coming into possession of his office under the forms of law and assuming to act under a proper commission is a *de facto* officer whose acts are binding as to third persons, despite some infirmity in the qualifications of the officer." *In re G.V.*, 136 Vt. 499, 501–02, 394 A.2d 1126, 1127 (1978).

The purpose of the de facto officer doctrine is to protect the public's reliance on an officer's authority and to ensure the orderly administration of government by preventing technical challenges to an officer's authority. *Equal Employment Opportunity Comm'n v. Sears, Roebuck & Co.*, 504 F. Supp. 241, 260 (N.D. Ill. 1980). To satisfy the doctrine, the officer must be "in the unobstructed possession of an office and discharging its duties in full view of the public, in such manner and under such circumstances as not to present the appearance of being an intruder or usurper." *Waite v. Santa Cruz*, 184 U.S. 302, 323 (1902). Third persons are entitled to rely on the actions of such public officers without the necessity of investigating their title. *State v. Levy*, 113 Vt. 374, 377, 34 A.2d 370, 372 (1943). The exception to the doctrine, not relevant here, is that an officer with defective title may not invoke the doctrine when a party to the suit. *In re G.V.*, 136 Vt. at 502, 394 A.2d at 1127–28.

Under the de facto officer doctrine, we concluded that a petition to terminate parental rights was valid even though the

state's attorney who signed it had failed to file her appointment and oath with the county clerk, as required by statute. *Id.* at 502, 394 A.2d at 1128. We have also upheld a conviction for impeding a law enforcement officer even though the officer had not completed all statutory training requirements. *State v. Mitchell,* 142 Vt. 517, 519–20, 458 A.2d 1089, 1090 (1983). *Mitchell* is analogous to the case at bar.

■ The trial court properly determined that the deputy sheriff was a de facto officer at the time of the incident involving defendant. The deputy sheriff had been properly appointed and had assumed to act under the appointment. The only infirmity in her qualifications was the result of a typographical error in the expiration date of her appointment, a fact unknown to her or the appointing authority. Her belief in her authority to act as a deputy sheriff when she served process on defendant was genuine. The deputy sheriff has since been reappointed. Thus, the absence of appointment did not, as defendant contends, deprive Deputy Cholewa of authority under the circumstances. See *Sears, Roebuck & Co.,* 504 F. Supp. at 262 (acts of commissioner valid during period after expiration of appointment and before appointment of new commissioner). Nor did the expiration date operate as a jurisdictional limit on her authority. In short, none of the facts found by the trial court suggests that the deputy sheriff was acting other than in the "unobstructed possession" of the office.

■ Defendant argues, however, that the deputy sheriff in this case appeared to be an "intruder or usurper" because she was not in uniform and was driving an unmarked sheriff's department cruiser. The State counters that defendant has confused the requirements of the de facto officer doctrine with an element of the offense, namely, that the State must prove that defendant knew or reasonably should have known that the person serving process on her was acting as a law enforcement officer. The State is correct. Whether the officer with defective title appeared to be an intruder or usurper depends on whether other government officials and the public reasonably believed that the officer was entitled to exercise the powers of her office during the period of defective title. *Id.* at 261. Under the de facto officer doctrine, it is irrelevant whether defendant under-

stood the deputy sheriff was a law enforcement officer on the occasion in question.

■ The State attempts to cross-appeal the decision granting defendant's motion for a new trial. There is, however, no procedural avenue to appeal the granting of a new trial motion, other than by pursuing a petition for extraordinary relief when the circumstances present a usurpation of judicial power. *State v. Forte*, 154 Vt. 46, 47–48, 572 A.2d 941, 941–42 (1990). Thus, whether the trial court abused its discretion in granting defendant's motion is not properly before us; however, the motion was granted on the mistaken understanding that the de facto officer issue was a question of fact for the jury. See *Waite*, 184 U.S. at 322–23 (question of de facto officer status is a mixed question of law and fact); *Levy*, 113 Vt. at 379, 34 A.2d at 373 (question of de facto officer status decided in Supreme Court). Now that we have held that the deputy sheriff was a de facto officer as a matter of law, the typographical error in the commission has no bearing on any factual issues for another jury.

■ The separate issue of whether defendant understood that Deputy Sheriff Cholewa was a law enforcement officer was fully litigated at the first trial and resolved against defendant. A second trial would be superfluous. On remand, the trial court may entertain a motion to reconsider its decision to grant a new trial. See *United States v. Spiegel*, 604 F.2d 961, 971–72 (5th Cir. 1979) (trial court had jurisdiction to reconsider decision to grant new trial); *Christian v. State*, 522 A.2d 945, 949 (Md. 1987) (it is "utterly illogical" to preclude trial court from reconsidering its order granting new trial following ruling by appellate court that earlier order granting new trial was based on erroneous interpretation of a rule).

*The order of the trial court is affirmed and the cause is remanded for further proceedings not inconsistent with this opinion.*