2013 VT 101

# State of Vermont v. George Cuomo

[86 A.3d 1039]

No. 12-438

Present: Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Toor, Supr. J., Specially Assigned

Opinion Filed October 18, 2013

*William H. Sorrell*, Attorney General, and *John Treadwell*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*David C. Sleigh* and *Kyle L. Hatt* of *Sleigh Law*, St. Johnsbury, for Defendant-Appellant.

¶ 1. **Burgess, J.** Defendant appeals an order of the Superior Court, Orleans Unit, Criminal Division, denying his motion to dismiss a two-count information alleging kidnapping and aggravated domestic assault. Defendant contends that the Orleans County State's Attorney who filed the information, Alan Franklin, was invalidly appointed, and that his prosecutions are therefore unlawful and violate due process. The trial court disagreed, concluding the appointment was consistent with the Vermont Constitution and statute; and that, even if the appointment was infirm, the de facto officer doctrine validated Mr. Franklin's authority to prosecute. We conclude that Mr. Franklin was acting as a de facto officer and affirm.

¶ 2. The parties agreed to the following facts for purposes of defendant's motion to dismiss. On November 7, 2006, Keith Flynn was elected to the office of Orleans County State's Attorney for a term commencing February 1, 2007 and ending January 31, 2011. On November 2, 2010, Mr. Flynn was reelected as State's Attorney for Orleans County. His second term was to commence February 1, 2011 and end January 31, 2015. During the same election, Peter Shumlin was elected Governor, and, as Governor-elect, named Mr. Flynn as his choice for Public Safety Commissioner. On December 27, 2010, Flynn submitted his letter of resignation from the Office of State's Attorney to Governor-elect Shumlin:

> effective January 6, 2011 at midnight, to become the Vermont Commissioner of Public Safety, as follows: first, for the remainder of my present term that expires on January 31, 2011 at midnight; and then, for the term to which I was recently elected that commences on February 1, 2011.

On January 6, 2011, Governor-elect Shumlin took the oath of office as Governor. The same day, Mr. Flynn wrote a letter to Mr. Franklin, then Orleans County Deputy State's Attorney:

> My resignation as the Orleans County State's Attorney, to become the Vermont Commissioner of Public Safety, is effective January 6, 2011 at midnight in accordance with my letter to Governor Peter Shumlin. As the senior

Deputy State's Attorney in the office, I hereby designate you to act in my capacity as Acting State's Attorney pursuant to the terms of 24 V.S.A. § 363 in that you are authorized to ". . . exercise all the powers and duties of the state's attorney except the power to designate someone to act in the event of [your] own disqualification." This designation will remain in place until the appointment of a State's Attorney for Orleans County by action of Governor Peter Shumlin.

All appointments of Deputy State's Attorneys continue in full force and effect until the Governor appoints a new Orleans County State's Attorney. "In case of a vacancy in the office of state's attorney, the appointment of the deputy shall expire upon the appointment of a new state's attorney." 24 V.S.A. § 363. It is my intention that all other staff appointments be continued until the appointment of my replacement by Governor Shumlin.

¶ 3. By letter dated January 21, 2011, Governor Shumlin appointed Mr. Franklin "to serve the remaining 10 days of Keith Flynn's current term as Orleans County State's Attorney, as well as for the four-year term beginning February 1, 2011." That same day, Mr. Franklin took the oath of office for the remaining ten days of the 2007 term. Mr. Franklin then took the oath of office on February 1, 2011 for the current term from February 1, 2011 to January 31, 2015.

¶ 4. Mr. Franklin began carrying out the duties of state's attorney, and, in that capacity, on August 20, 2012, filed an information against defendant. On October 12, 2012, defendant, along with others charged by Mr. Franklin, filed a consolidated motion to dismiss their respective cases. They argued that Mr. Franklin was not a duly authorized state's attorney because the Governor lacked the authority to appoint Mr. Franklin for the current term commencing February 1, 2011. As noted earlier, the trial court denied the motion to dismiss. The court also denied the consolidated defendants' request for permission to appeal, and defendant sought permission from this Court. This Court granted leave to take an interlocutory appeal solely as to defendant Cuomo.

¶ 5. Defendant maintains on appeal that State's Attorney Franklin is not a duly authorized officer because the Governor lacked

the authority to fill the vacancy for the 2011 term. Defendant argues that the Governor's authority is limited to filling a vacancy for the remaining portion of a term and that a special election was the only proper process for filling a vacancy for a term that had not yet begun when the vacancy was created. Because of the alleged infirmity in Mr. Franklin's appointment, defendant argues that Mr. Franklin's prosecutions are unlawful and violate due process. Furthermore, defendant asserts that the de facto officer doctrine does not salvage the invalid posting because the defect in the Governor's appointment is the absence of authority rather than mere technical noncompliance.

¶ 6. We begin with the latter issue. Whether the de facto officer doctrine applies is a question of law we consider de novo. "Our review of questions of law is nondeferential and plenary." *Our Lady of Ephesus House of Prayer, Inc. v. Town of Jamaica*, 2005 VT 16, ¶ 10, 178 Vt. 35, 869 A.2d 145. As stated in *State v. Oren*:

> "Under the *de facto* officer doctrine, long recognized by this Court, an officer coming into possession of his office under the forms of law and assuming to act under a proper commission is a *de facto* officer whose acts are binding as to third persons, despite some infirmity in the qualifications of the officer."

160 Vt. 245, 247, 627 A.2d 337, 339 (1993) (quoting *In re G.V.*, 136 Vt. 499, 501-02, 394 A.2d 1126, 1127 (1978)).

¶ 7. Defendant claims that the doctrine is inapposite because Mr. Franklin was neither duly appointed nor elected. He argues that this disqualification is unlike the defects seen in other cases where this Court has applied the de facto officer doctrine to mistakes like a scrivener's error as in *Oren*, 160 Vt. at 248, 627 A.2d at 339 (upholding de facto authority where a deputy sheriff's appointment ran out due to a "typographical error in the expiration date"), and *State v. Mitchell*, 142 Vt. 517, 519, 458 A.2d 1089, 1090 (1983) (applying de facto doctrine to a deputy sheriff whose certificate of training read "attendance" instead of the statutorily required "completion"), or a filing oversight as in *In re G.V.*, 136 Vt. at 501-02, 394 A.2d at 1128 (concluding that deputy state's attorney was de facto officer even though she did not "file her appointment and oath with the county clerk as required by 24 V.S.A. § 363").

¶ 8. ██ ██ The doctrine is not so narrow. It is correct that the doctrine's purpose is to protect "the public's reliance on an officer's authority and to ensure the orderly administration of government by preventing technical challenges to an officer's authority." *Oren*, 160 Vt. at 247, 627 A.2d at 339. It is equally settled, however, that "to constitute an officer *de facto* it is not a necessary prerequisite that there shall have been an attempted exercise of competent or *prima facie* power of appointment or election." *United States v. Royer*, 268 U.S. 394, 397 (1925).[*] The U.S. Supreme Court explained that the key elements of an officer de facto are occupation of an office, and discharging duties "in good faith and with every appearance of acting with authority." *Id.* The same principle is reflected in our observation that "[t]o satisfy the doctrine, the officer must be 'in the unobstructed possession of an office and discharging its duties in full view of the public, in such manner and under such circumstances as not to present the appearance of being an intruder or usurper.'" *Oren*, 160 Vt. at 247, 627 A.2d at 339 (quoting *Waite v. Santa Cruz*, 184 U.S. 302, 323 (1902)); see also *Fancher v. Stearns*, 61 Vt. 616, 618, 18 A. 455, 456 (1889) (holding that justice of peace, who was in fact ineligible for office, but was appointed by governor, was acting as a de facto officer because he was properly appointed and was possessing office).

¶ 9. ██ Here, if more than a technicality, the defect asserted by defendant is still no surreptitious usurpation of or corrupt intrusion into the Office of the Orleans County State's Attorney. Defendant asserts legal invalidity, but no bad faith. Having come into office in good faith and with the appropriate accoutrements, Mr. Franklin was acting as a de facto officer. Regardless of the alleged lack of appointing authority, Mr. Franklin held the Office of State's Attorney "in full view of the public," and with no usurpation or intrusion. *Oren*, 160 Vt. at 247, 627 A.2d at 339. Moreover, as stated in *Royer*, there need not be "an attempted exercise of competent or *prima facie* power of appointment" to invoke the doctrine. 268 U.S. at 397.

---

[*] This Court recognizes that the de facto officer doctrine does not apply in cases where the officer "with defective title" is a party to the case. *Oren*, 160 Vt. at 247, 627 A.2d at 339 (citing *In re G.V.*, 136 Vt. at 502, 394 A.2d at 1127-28). Mr. Franklin is not a party to this case and so that exception to the de facto officer doctrine is not pertinent here.

¶ 10. ▮ Because we resolve the case based on the de facto officer doctrine, it is unnecessary to examine the limits of a governor's constitutional and statutory authority to fill an office vacated by a resignation of a reelected, but not yet sworn-in, incumbent. See *State v. Curtis*, 157 Vt. 275, 277, 597 A.2d 770, 772 (1991) ("Under longstanding practice and precedent, we must not consider constitutional questions unless the disposition of the case requires it.").

*Affirmed.*