2013 VT 101



State v. Cuomo (2012-438)

 

2013 VT 101

 

[Filed 18-Oct-2013]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by
mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont
05609-0801, of any errors in order that corrections may be made before this
opinion goes to press.

 

 


 2013 VT 101
 
  


 No. 2012-438
 
  


 State of Vermont 
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Superior Court, Orleans Unit,
 
 
  
 
 
 Criminal Division
 
 
  
 
 
  
 
 
 George Cuomo
 
 
 April Term, 2013
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Howard
 E. Van Benthuysen, J.
 
 
  
 
 William H. Sorrell, Attorney General, and John Treadwell,
Assistant Attorney General,

  Montpelier, for Plaintiff-Appellee.

 

David C. Sleigh and Kyle L. Hatt of Sleigh Law, St. Johnsbury, for Defendant-Appellant.

 

 

PRESENT:   Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Toor, Supr. J., 

                    
Specially Assigned

 

 

¶ 1.            
BURGESS, J.   Defendant appeals an order of the
Superior Court, Orleans Unit, Criminal Division, denying his motion to dismiss
a two-count information alleging kidnapping and aggravated domestic assault.
 Defendant contends that the Orleans County State’s Attorney who filed the
information, Alan Franklin, was invalidly appointed,
and that his prosecutions are therefore unlawful and violate due process. 
The trial court disagreed, concluding the appointment was consistent with the
Vermont Constitution and statute; and that, even if the appointment was infirm,
the de facto officer doctrine validated Mr. Franklin’s authority to
prosecute.  We conclude that Mr. Franklin was acting as a de facto officer
and affirm.    

¶
2.            
The parties agreed to the following facts for purposes of defendant’s
motion to dismiss.  On November 7, 2006, Keith Flynn was elected to the
office of Orleans County State’s Attorney for a term commencing February 1,
2007 and ending January 31, 2011.  On November 2, 2010, Mr. Flynn was
reelected as State’s Attorney for Orleans County.  His second term was to
commence February 1, 2011 and end January 31, 2015.  During the same election,
Peter Shumlin was elected Governor, and, as
Governor-elect, named Mr. Flynn as his choice for Public Safety
Commissioner.  On December 27, 2010, Flynn submitted his letter of
resignation from the Office of State’s Attorney to Governor-elect Shumlin:

effective January 6, 2011 at midnight, to become the Vermont
Commissioner of Public Safety, as follows: first, for the remainder of my
present term that expires on January 31, 2011 at midnight; and then, for the
term to which I was recently elected that commences on February 1, 2011.  

 

On
January 6, 2011, Governor-elect Shumlin took the oath
of office as Governor.  The same day, Mr. Flynn wrote a letter to Mr.
Franklin, then Orleans County Deputy State’s Attorney:

 
My resignation as the Orleans County State’s Attorney, to become the Vermont
Commissioner of Public Safety, is effective January 6, 2011 at midnight in
accordance with my letter to Governor Peter Shumlin.
 As the senior Deputy State’s Attorney in the office, I hereby designate
you to act in my capacity as Acting State’s Attorney pursuant to the terms of
24 V.S.A. § 363 in that you are authorized to “ . . . exercise
all the powers and duties of the state’s attorney except the power to designate
someone to act in the event of [your] own disqualification.”  This
designation will remain in place until the appointment of a State’s Attorney
for Orleans County by action of Governor Peter Shumlin.

 

 
All appointments of Deputy State’s Attorneys continue in full force and effect until
the Governor appoints a new Orleans County State’s
Attorney.  “In case of a vacancy in the office of state’s attorney, the
appointment of the deputy shall expire upon the appointment of a new state’s
attorney.”  24 V.S.A. § 363.  It is my
intention that all other staff appointments be continued until the appointment
of my replacement by Governor Shumlin.  

 

¶
3.            
By letter dated January 21, 2011, Governor Shumlin
appointed Mr. Franklin “to serve the remaining 10 days of Keith Flynn’s current
term as Orleans County State’s Attorney, as well as for the four-year term
beginning February 1, 2011.”  That same day, Mr. Franklin took the
oath of office for the remaining ten days of the 2007 term.  Mr. Franklin
then took the oath of office on February 1, 2011 for the current term from
February 1, 2011 to January 31, 2015. 

¶
4.            
Mr. Franklin began carrying out the duties of State’s Attorney, and, in
that capacity, on August 20, 2012, filed an information
against defendant.  On October 12, 2012, defendant, along with others
charged by Mr. Franklin, filed a consolidated motion to dismiss their
respective cases.  They argued that Mr. Franklin was not a duly authorized
State’s Attorney because the Governor lacked the authority to appoint Mr. Franklin
for the current term commencing February 1, 2011.  As noted earlier, the
trial court denied the motion to dismiss.  The court also denied the
consolidated defendants’ request for permission to appeal, and defendant sought
permission from this Court.  This Court granted leave to take an
interlocutory appeal solely as to defendant Cuomo.

¶
5.            
Defendant maintains on appeal that State’s Attorney Franklin is not a
duly authorized officer because the Governor lacked the authority to fill the vacancy
for the 2011 term.  Defendant argues that the Governor’s authority is
limited to filling a vacancy for the remaining portion of a term and that a
special election was the only proper process for filling a vacancy for a term
that had not yet begun when the vacancy was created.  Because of the
alleged infirmity in Mr. Franklin’s appointment, defendant argues that Mr.
Franklin’s prosecutions are unlawful and violate due process. 
Furthermore, defendant asserts that the de facto officer doctrine does not
salvage the invalid posting because the defect in the Governor’s appointment is
the absence of authority rather than mere technical noncompliance.  

¶
6.            
We begin with the latter issue.  Whether the de facto officer
doctrine applies is a question of law we consider de novo.  “Our review of
questions of law is nondeferential and plenary.”  Our Lady of Ephesus
House of Prayer, Inc. v. Town of Jamaica, 2005 VT 16, ¶ 10, 178 Vt.
35, 869 A.2d 145.  As stated in State v. Oren: 

“Under
the de facto officer doctrine, long recognized by this Court, an officer
coming into possession of his office under the forms of law and assuming to act
under a proper commission is a de facto officer whose acts are binding
as to third persons, despite some infirmity in the qualifications of the
officer.” 

 

160
Vt. 245, 247, 627 A.2d 337, 339 (1993) (quoting In re G.V., 136 Vt. 499,
501-02, 394 A.2d 1126, 1127 (1978)).   

¶
7.            
Defendant claims that the doctrine is inapposite because Mr. Franklin
was neither duly appointed nor elected.  He argues that this
disqualification is unlike the defects seen in other cases where this Court has
applied the de facto officer doctrine to mistakes like a scrivener’s error as
in Oren, 160 Vt. at 248, 627 A.2d at 339 (upholding de facto authority
where a deputy sheriff’s appointment ran out due to a “typographical error in
the expiration date”), and State v. Mitchell, 142 Vt. 517, 519, 458 A.2d
1089, 1090 (1983) (applying de facto doctrine to a deputy sheriff whose
certificate of training read “attendance” instead of the statutorily required
“completion”), or a filing oversight as in In
re G.V., 136 Vt. at 501-02, 394 A.2d at 1128 (concluding that deputy
state’s attorney was de facto officer even though she did not “file her
appointment and oath with the county clerk as required by 24 V.S.A. § 363”).

¶
8.            
The doctrine is not so narrow.  It is correct that the doctrine’s
purpose is to protect “the public’s reliance on an officer’s authority and to
ensure the orderly administration of government by preventing technical
challenges to an officer’s authority.”  Oren, 160 Vt. at 247, 627 A.2d at 339.  It is equally settled, however, that
“to constitute an officer de facto it is not a necessary prerequisite that
there shall have been an attempted exercise of competent or prima facie power
of appointment or election.”  United States v. Royer,
268 U.S. 394, 397 (1925).*  The U.S.
Supreme Court explained that the key elements of an officer de facto are
occupation of an office, and discharging duties “in good faith and with every
appearance of acting with authority.”  Id.  The same principle
is reflected in our observation that “[t]o satisfy the doctrine, the officer
must be ‘in the unobstructed possession of an office and discharging its duties
in full view of the public, in such manner and under such circumstances as not
to present the appearance of being an intruder or usurper.’ ”  Oren, 160 Vt. at 247, 627 A.2d at 339 (quoting
Waite v. Santa Cruz, 184 U.S. 302, 323 (1902)); see also Fancher v. Stearns, 61 Vt. 616, 618, 18 A.
455, 456 (1889) (holding that justice of peace, who was in fact ineligible for
office, but was appointed by governor, was acting as a de facto officer because
he was properly appointed and was possessing office). 

¶
9.            
Here, if more than a technicality, the defect asserted by defendant is
still no surreptitious usurpation of or corrupt intrusion into the Office of
the Orleans County State’s Attorney.  Defendant asserts legal invalidity,
but no bad faith.  Having come into office in good faith and with the
appropriate accoutrements, Mr. Franklin was acting as a de facto officer. 
Regardless of the alleged lack of appointing authority, Mr. Franklin held the
Office of State’s Attorney “in full view of the public,” and with no usurpation
or intrusion.  Oren, 160 Vt. at 247, 627 A.2d at
339.  Moreover, as stated in Royer, there need not be “an
attempted exercise of competent or prima facie power of appointment” to invoke
the doctrine.  268 U.S. at 397.  

¶
10.        
Because we resolve the case based on the de facto officer doctrine, it
is unnecessary to examine the limits of a governor’s constitutional and
statutory authority to fill an office vacated by a resignation of a re-elected,
but not yet sworn-again, incumbent.  See State v. Curtis, 157 Vt.
275, 277, 597 A.2d 770, 772 (1991) (“Under longstanding practice and precedent,
we must not consider constitutional questions unless the disposition of the
case requires it.”).  

Affirmed.  


  
 
 
  
 
 
 FOR THE
 COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate Justice
 
  

 











*  This Court
recognizes that the
de facto officer doctrine does not apply in cases where the officer “with
defective title” is a party to the case.  Oren, 160 Vt. at 247, 627
A.2d at 339 (citing In re G.V., 136 Vt. at 502, 394 A.2d at
1127-28).  Mr. Franklin is not a party to this case and so that exception
to the de facto officer doctrine is not pertinent here.