Filed 06/17/24

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01416

| Pine Hill Properties, LLC. v. Dee J Spaulding et al |
|---|

## ENTRY REGARDING MOTION

Title:      Motion for Default Judgment; Motion to Dismiss vs. Dee J Spaulding; (Motion: 1; 2)
Filer:      Everett M. Secor; Jennifer E. Nelson
Filed Date: May 13, 2024; May 15, 2024

The motions are DENIED.

This is a landlord/tenant matter concerning Plaintiff Pine Hill Properties' efforts to terminate the tenancy of Defendant Spaulding. Plaintiff filed a motion for default judgment based on Defendant's failure to file an answer and enter a notice of appearance. Defendant has now filed an answer, which although technically untimely, has not been unreasonably delayed. As Defendant notes, the Court disfavors default judgments where the opposing party has corrected its failure to answer and where the matter can be resolved on the merits. *Desjarlais v. Gilman*, 143 Vt. 154, 158–59 (1983). For these reasons, the motion for default judgment is **Denied.**

As to Defendant's motion to dismiss, it is premised on the fact that the notice to terminate the tenancy referred to a dwelling unit located at 52 Lower Main Street West, **Apartment #46**, instead of **Apartment #33**, at the same address. There is no dispute that Defendant received the notice of termination, that Defendant only rents one dwelling unit from Plaintiff, and that Defendant did not reside or rent the other unit at #46. Additionally, there are some facts that indicate that Defendant was aware of the fact that her tenancy was being terminated and that the reference to #46, rather than #3, was a scrivener's error.

A Court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief. *Colby v. Umbrella Inc.*, 2008 VT 20, ¶ 5. This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)). Courts rarely grant motions to dismiss for failure to state a claim. *Colby*, 2008 VT 20, at

¶ 5; see also *Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 7. Courts generally disfavor these motions. *Bock v. Gold*, 2008 VT 81, ¶ 4 ("Motions to dismiss for failure to state a claim are disfavored and should be rarely granted."). For these reasons, a party seeking dismissal has a high burden to show that they are entitled to such an initial ruling. *Bock*, 2008 VT 81 at ¶ 4.

In this case, Defendant's motion is premised on the fact that the notice to terminate had the right address but the wrong apartment number. Plaintiff characterizes this error as a scrivener's error and notes that there are facts that show Defendant was not confused by the wrong apartment number. There are a number of cases where courts have allowed proceedings despite an error when it is established that the error was harmless, was effectively a typo, and where the error did not sow substantial confusion. See *State v. Cuomo*, 2013 VT 101, ¶ 7 (discussing scrivener's error in the context of the de facto officer doctrine). In Vermont, courts have long held that a landlord must have punctilious compliance with all statutory eviction procedures, but the Vermont Supreme Court has noted that this language must be balanced with both the facts of a case—whether the tenant received actual notice and suffered prejudice—and with the statutory framework. *In re Soon Kwon*, 2011 VT 26, ¶¶ 14–16.

In this case, there are disputed facts and an absence of facts. It appears that Tenant Spaulding received actual notice, but it is not clear if there was any prejudice. It is also not clear if there was an actual confusion or if the notice was understood for what it was intended, which as a notice for Defendant Spaulding to terminate her tenancy for the only dwelling unit she was occupying at the time.

Based on this, dismissal of Plaintiff's claims at this stage of the case would be inappropriate. The Court will allow this matter to proceed, and the motion to dismiss is **Denied.**

## ORDER

The motion for default judgment and the motion to dismiss are **Denied** based on the contested facts and answer. The Court will schedule this matter for a pre-trial conference at its next available date to set for trial.

Electronically signed on 6/17/2024 2:08 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge